RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
JULIET Y. OH (SBN 211414)
ROBERT M. CARRASCO (SBN 334642)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: rb@lnbyg.com; myk@lnbyg.com; jyo@lnbyg.com; rmc@lnbyg.com

Attorneys for Chapter 11 Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

In re:

Windsor Terrace Healthcare, LLC, *et al.*,

Debtors and Debtors in Possession.

_____

☒ Affects All Debtors
☐ Affects S&F Home Health Opco I, LLC
☐ Affects S&F Hospice Opco I, LLC
☐ Affects S&F Market Street Healthcare, LLC
☐ Affects Windsor Care Center National City, Inc.
☐ Affects Windsor Cheviot Hills, LLC
☐ Affects Windsor Country Drive Care Center, LLC
☐ Affects Windsor Court Assisted Living, LLC
☐ Affects Windsor Cypress Gardens Healthcare, LLC
☐ Affects Windsor El Camino Care Center, LLC
☐ Affects Windsor Elk Grove and Rehabilitation, LLC
☐ Affects Windsor Elmhaven Care Center, LLC
☐ Affects Windsor Gardens Convalescent Hospital, Inc.
☐ Affects Windsor Hampton Care Center, LLC
☐ Affects Windsor Hayward Estates, LLC
☐ Affects Windsor Monterey Care Center, LLC
☐ Affects Windsor Rosewood Care Center, LLC
☐ Affects Windsor Sacramento Estates, LLC
☐ Affects Windsor Skyline Care Center, LLC
☐ Affects Windsor Terrace Healthcare, LLC
☐ Affects Windsor The Ridge Rehabilitation Center, LLC
☐ Affects Windsor Vallejo Care Center, LLC

) Lead Case No.: 1:23-bk-11200-VK
)
) Jointly administered with Case Nos.
) 1:23-bk-11201-VK; 1:23-bk-11212-VK;
) 1:23-bk-11202-VK; 1:23-bk-11213-VK;
) 1:23-bk-11203-VK; 1:23-bk-11214-VK;
) 1:23-bk-11204-VK; 1:23-bk-11215-VK;
) 1:23-bk-11206-VK; 1:23-bk-11216-VK;
) 1:23-bk-11207-VK; 1:23-bk-11217-VK;
) 1:23-bk-11208-VK; 1:23-bk-11218-VK;
) 1:23-bk-11209-VK; 1:23-bk-11219-VK;
) 1:23-bk-11210-VK; 1:23-bk-11220-VK;
) 1:23-bk-11401-VK; 1:23-bk-11402-VK
)
) Chapter 11 Cases
)
) **DEBTORS' NOTICE OF MOTION AND**
) **MOTION TO FURTHER EXTEND**
) **EXCLUSIVITY PERIODS FOR THE**
) **DEBTORS TO FILE A PLAN AND**
) **OBTAIN ACCEPTANCE THEREOF;**
) **DECLARATION OF TIANXIANG**
) **"SHAWN" ZHOU IN SUPPORT**
) **THEREOF**
)
) [*Ex Parte* Application for Order Shortening
) Time Filed Concurrently Herewith]
)
) Hearing
) Date:    [To be set]
) Time:    [To be set]
) Place:   Courtroom 301
)             21041 Burbank Boulevard
)             Woodland Hills, CA 91367
)             (also via ZoomGov)

1

**PLEASE TAKE NOTICE** that Windsor Terrace Healthcare, LLC, S&F Home Health Opco I, LLC, S&F Hospice Opco I, LLC, S&F Market Street Healthcare, LLC, Windsor Care Center National City, Inc., Windsor Cheviot Hills, LLC, Windsor Country Drive Care Center, LLC, Windsor Court Assisted Living, LLC, Windsor Cypress Gardens Healthcare, LLC, Windsor El Camino Care Center, LLC, Windsor Elk Grove and Rehabilitation, LLC, Windsor Elmhaven Care Center, LLC, Windsor Gardens Convalescent Hospital, Inc., Windsor Hampton Care Center, LLC, Windsor Hayward Estates, LLC, Windsor Monterey Care Center, LLC, Windsor Rosewood Care Center, LLC, Windsor Sacramento Estates, LLC, Windsor Skyline Care Center, LLC, Windsor The Ridge Rehabilitation Center, LLC, and Windsor Vallejo Care Center, LLC, the debtors and debtors-in-possession in the above-captioned jointly administered chapter 11 bankruptcy cases (collectively, the "Debtors"),  hereby file this motion ("Motion") for the entry of an order further extending the exclusivity period for the Debtors to file a plan of reorganization and obtain acceptance thereof for a period of approximately 30 days, to and including July 20, 2024 and October 20, 2024.[1] The current exclusivity periods for the Debtors to file a plan of reorganization and obtain acceptance thereof expire on June 20, 2024 and September 20, 2024.  This is the Debtors' fifth request for an extension of these periods and the Debtors seek the foregoing extension without prejudice to their rights to seek further extensions of their plan exclusivity periods under 11 U.S.C. §1121(d).

**PLEASE TAKE FURTHER NOTICE** that this Motion is based upon applicable Local Bankruptcy Rules, 11 U.S.C. §§ 105(a) and 1121, this Notice of Motion and Motion, the annexed supporting Memorandum of Points and Authorities and Declaration, the arguments and statements of counsel to be made at the hearing on the Motion, and other admissible evidence properly brought before the Court.

---

[1] Windsor Hayward Estates, LLC and Windsor Sacramento Estates, LLC ("New Debtors") filed their bankruptcy cases on September 29, 2023.  The other 19 Debtors ("Original Debtors") filed their bankruptcy cases on August 23, 2023.  The extension requested herein will extend the Debtors' respective exclusivity period for filing a plan of reorganization such that the exclusivity period is extended to the same dates for all Debtors, irrespective of a particular Debtor's bankruptcy filing date.

1    **PLEASE TAKE FURTHER NOTICE** that, the Debtors have filed concurrently

2    herewith an *ex parte* application for an order shortening time on notice for hearing on the

3    Motion, pursuant to which the Debtors are seeking to have the Motion heard no later than June

4    18, 2024.

5    **WHEREFORE**, the Debtors respectfully request that this Court enter an order:

6        (1)    granting the Motion;

7        (2)    affirming the adequacy of the notice given;

8        (3)    extending the exclusivity periods for the Debtors to file a plan of reorganization

9    to and including July 20, 2024;

10        (4)    extending the exclusivity periods for the Debtors to obtain acceptances of a plan

11    of reorganization to and including October 20, 2024; and

12        (5)    granting such other and further relief as the Court deems just and proper.

13

14    Dated:  June 4, 2024          WINDSOR TERRACE HEALTHCARE, LLC, *et al.*

15                  By:    */s/ Robert M. Carrasco*

16                      RON BENDER
                  MONICA Y. KIM

17                      JULIET Y. OH
                  ROBERT M. CARRASCO

18                      LEVENE, NEALE, BENDER, YOO

19                        & GOLUBCHIK L.L.P.
                  Attorneys for Debtors and Debtors in Possession

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A.    Background**

1.    On August 23, 2023, nineteen (19) of the Debtors, namely, Windsor Terrace Healthcare, LLC, S&F Home Health Opco I, LLC, S&F Hospice Opco I, LLC, S&F Market Street Healthcare, LLC, Windsor Care Center National City, Inc., Windsor Cheviot Hills, LLC, Windsor Country Drive Care Center, LLC, Windsor Court Assisted Living, LLC, Windsor Cypress Gardens Healthcare, LLC, Windsor El Camino Care Center, LLC, Windsor Elk Grove and Rehabilitation, LLC, Windsor Elmhaven Care Center, LLC, Windsor Gardens Convalescent Hospital, Inc., Windsor Hampton Care Center, LLC, Windsor Monterey Care Center, LLC, Windsor Rosewood Care Center, LLC, Windsor Skyline Care Center, LLC, Windsor The Ridge Rehabilitation Center, LLC, and Windsor Vallejo Care Center, LLC (collectively, the "Original Debtors"), filed voluntary petitions under chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2.    On September 29, 2023, Windsor Hayward Estates, LLC and Windsor Sacramento Estates, LLC (together, the "New Debtors," and collectively with the Original Debtors, the "Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code.

3.    All of the Debtors are operating their businesses, managing their financial affairs and administering their bankruptcy estates as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. Pursuant to orders entered by the Court in both the Original Debtors' cases and the New Debtors' cases, the bankruptcy cases of all of the Debtors are being jointly administered under the lead case of Windsor Terrace Healthcare, LLC (Case No. 1:23-bk-11200-VK).

4.    One Official Committee of Unsecured Creditors (the "Committee") has been appointed for all 21 of the Debtors' cases. *See* Dkt. No. 506.

5.    The Debtors are primarily engaged in the businesses of owning and operating skilled nursing facilities throughout the State of California.  Collectively, the Debtors own and

operate eighteen (18) skilled nursing facilities, which provide 24 hour, 7 days a week and 365 days a year care to patients who reside at those facilities.  In addition to the eighteen (18) skilled nursing facilities, the Debtors own and operate one assisted living facility (which is Windsor Court Assisted Living, LLC), one home health care center (which is S&F Home Health Opco I, LLC), and one hospice care center (which is S&F Hospice Opco I, LLC).[2]

**B.**    **Current Posture Of The Debtors' Bankruptcy Cases And Plan Exclusivity Periods.**

6.    On November 16, 2023, the Debtors filed their first motion for an order extending exclusivity periods to file their plan and obtain acceptances thereof by which the Original Debtors and the New Debtors sought extensions of approximately 120 days and 90 days, respectively, to April 19, 2024 to file a plan and through June 18, 2024 to obtain acceptances thereof [Dkt. No. 477].

7.    Following extensive discussions with the Committee, the parties entered into a *Stipulated Order Extending the Exclusivity Periods for the Debtors to File a Plan and Obtain Acceptance Thereof* (the "Stipulated Order") [Dkt. No. 477] by which the Committee and the Debtors agreed for the time being that the Debtors' exclusive periods to file their plan and obtain acceptances thereof would be extended by approximately 30 days such that (i) the Original Debtors' exclusive period to file a plan was extended to January 20, 2024 and the Original Debtors' exclusive period to obtain acceptances was extended to March 20, 2023; and (ii) the New Debtors' exclusive period to file a plan was extended to February 26, 2024 and the New Debtors' exclusive period to obtain acceptances was extended to April 26, 2024. The Stipulated Order was without prejudice to the Debtors' rights to seek further extensions of their exclusivity periods.

8.    On December 28, 2023, the Debtors filed their second motion for an order extending exclusivity periods to file their plan and obtain acceptances thereof by which all of

---

[2] Additional details concerning the Debtors and the circumstances leading to the commencement of these cases can be found in the *Declaration of Tianxiang "Shawn" Zhou in Support of First-Day Motions* (s*ee* Dkt. Nos 14 and 177) and are incorporated herein as if set forth in their entirety.

the Debtors sought extensions to April 19, 2024 to file a plan and through June 18, 2024 to obtain acceptances thereof [Dkt. No. 543].

9.      Again, prior to the hearing on the second motion, the Debtors and the Committee engaged in substantial discussions as to the plan exclusivity extensions which the Committee was willing to support based on the progress of the cases. These discussions led to a further stipulation by which the Committee and the Debtors agreed that the Debtors' exclusive periods to file their plan and obtain acceptances thereof would be extended to March 20, 2024 (a month less than requested by the second motion) and July 20, 2024, without prejudice to the Debtors' rights to seek further extensions of their exclusivity periods. After oral argument, the Court granted the Debtors' second motion extending the Debtors' exclusive periods to file their plan and obtain acceptances thereof to March 20, 2024 and July 20, 2024, without prejudice to the Debtors' rights to seek further extensions of their exclusivity periods.

10.      On February 22, 2024, the Debtors filed their third motion requesting the Court to extend their exclusive period to file a plan of reorganization and obtain acceptances thereof to and including June 20, 2024, and October 20, 2024 [Dkt. No. 647].  The third exclusivity motion was set to be heard on March 14, 2024 at 1:30 p.m.  Prior to the hearing on the third exclusivity motion, the Debtors and the Committee agreed that the Debtors' exclusive periods to file their plan and obtain acceptances thereof would be extended to April 20, 2024 and August 20, 2024, without prejudice to the Debtors' rights to seek further extensions of their exclusivity periods, and the Court entered the stipulated order to this effect on March 14, 2024 [Dkt. No. 706].

11.      On April 16, 2024, the Court approved the Debtors and Committee's stipulation to further extend the exclusivity deadlines to May 20, 2024 and September 20, 2024, without prejudice to the Debtors' rights to seek further extensions of their exclusivity periods [Dkt. No. 795].

12.      On April 16, 2024, the Debtors filed their chapter 11 plan and disclosure statement [Dkt. No's 793 and 794]. The Debtors subsequently filed their motion to approve their disclosure statement ("the "DS Motion") [Dkt. No. 879].

13.     On April 25, 2024, the Debtors filed their fourth motion to extend the exclusive period for the Debtors to file a plan of reorganization to and including June 20, 2024 [Dkt. No. 856] (the "Fourth Exclusivity Motion").  On May 16, 2024, the Court held a hearing on the Fourth Exclusivity Motion and granted the motion over the objections filed by the Committee and S&F Entities.[3]

14.     Since the hearing on the Fourth Exclusivity Motion, the Debtors have continued to work with the Committee to propose a fully consensual plan of reorganization. Indeed, the Debtors have entered into multiple court approved stipulations with the Committee to extend the deadline for the Committee to file a response to the DS Motion.

15.     The Debtors seek an extension of the exclusivity period to file a chapter 11 plan to continue to work with the Committee with the goal of achieving a consensual, value-maximizing plan.

16.     Throughout these cases, the Debtors and the Committee have been working collaboratively, and the Debtors fully desire for this collaborative relationship to continue for the entire duration of these bankruptcy cases through the confirmation of a fully consensual plan of reorganization.

17.     While significant progress has been made and a plan and disclosure statement filed, the Debtors believe that additional time is needed for the Debtors and the Committee to continue engaging in negotiations and discussions to gain further support of the chapter 11 plan and confirmation.

18.     Notably, the Debtors are still in the process of negotiating with litigants regarding the litigants' treatment under the plan of reorganization.[4]

---

[3] The S&F Entities consist of S&F Management Company, LLC, Lee Samson, and Samson Holdings LLC.

[4]   The Disclosure Statement sets forth, in Exhibits 2(a) through 2(e), proposed claim settlement amounts for all unliquidated litigation claims asserted against the Debtors.  The Debtors are currently negotiating with litigants regarding their proposed claim settlement amounts to avoid filing extensive motions to estimate these claims.

19.    The Debtors wish to maintain the flexibility of maintaining exclusivity to file a plan so that a competing plan is not filed which can potentially lead to uncertainty and require the Debtors to track negotiations across multiple plans.

20.    By this Fifth Motion, the Debtors seek the entry of an order further extending the exclusivity period for the Debtors to file a plan of reorganization for a period of approximately 30 days, to and including July 20, 2024 and October 20, 2024.

21.    The Debtors submit that there is more than ample "cause" to extend their plan exclusivity periods on the terms requested herein.

22.    Since the Petition Date, the Debtors have properly administered their cases, negotiated cash collateral stipulations with their two secured creditors, and obtained Court approval of all such stipulations.  The Debtors have obtained Court approval of various motions, including motions to pay employee priority wage claims, maintain utility services, and maintain cash management systems, and have successfully defeated various motions, including relief from stay motions filed by various pre-petition litigants.

23.    The Debtors are not seeking to extend their exclusive deadline to file a plan to obtain any unfair advantage over their creditors. Rather, extending the Debtors' exclusive deadline to file a plan will allow the parties to focus on the current plan that has been filed and hopefully reach a consensual resolution.

## II.

## DISCUSSION

**A.    The Court Has Authority To Extend The Debtors' Plan Exclusivity Periods**

Pursuant to Sections 1121(b) and (c) of the Bankruptcy Code, a chapter 11 debtor has the exclusive right to file a plan of reorganization for a period of 120 days following the filing of the petition and an additional 60 days thereafter to obtain acceptances to any plan so filed.   11 U.S.C. §§ 1121(b) & (c).

Section 1121(d) of the Bankruptcy Code allows the Court to extend or reduce these time periods "for cause."   Section 1121(d) of the Bankruptcy Code provides, in pertinent part, as follows:

(d)(1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

(2)(A)  The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.

(B)  The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d)(1) & (2).

The decision of whether to grant a request to extend or shorten the exclusivity periods lies within the sound discretion of the bankruptcy judge.  *In re AmKo Plastics, Inc.,* 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996); *In re Gibson & Cushman Dredging Corp.,* 101 B.R. 405, 409 (Bankr. E.D.N.Y. 1989).  The "cause" standard referred to in Section 1121 has been referred to as a general standard that allows the bankruptcy court "maximum flexibility to suit various types of reorganization proceedings."  *In re Public Service Company of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988).

The Bankruptcy Code does not define "cause" or establish formal criteria for extensions of the exclusivity periods.  Consistent with a balanced, integrated approach to reorganizations under chapter 11, Congress contemplated that bankruptcy courts would apply the exclusivity provisions flexibly so as to promote the orderly, consensual and successful reorganization of a debtor's affairs.  *See* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 220, 232 (1977) [hereinafter "House Report"].  Appropriate "cause" justifying extensions of the exclusivity periods should be interpreted in the context of the overall purposes of chapter 11 and the means Congress established for accomplishing them.  Congress recognized that a debtor must have a reasonable time to formulate and negotiate a plan of reorganization.  Denying a debtor an exclusive period to propose and confirm a plan could dissuade a debtor from choosing chapter 11 and encourage creditors to act unilaterally.  House Report at 231-32.  *See also, In re Pine Run Trust, Inc.*, 67 B.R. 432, 434 (Bankr. E.D. Pa. 1936) (exclusivity determinations should balance creditor and debtor interests in favor of reorganization).

In determining whether "cause" exists to extend a debtor's exclusivity periods, bankruptcy courts often consider the following so-called *Dow Corning* factors: (1) the size and complexity of the case; (2) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) the fact that the debtor is paying its bills as they become due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiations with its creditors; (7) the amount of time which has elapsed in the case; (8) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (9) whether an unresolved contingency exists.  *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997).

Currently, the Debtors' exclusive period to file a plan expires on June 20, 2024 and their exclusive period to obtain acceptances expires on September 20, 2024. By this Fifth Motion, the Debtors are seeking a brief 30-day extension of the exclusivity periods.

The Debtors respectfully submit that an evaluation of the circumstances of these cases demonstrates that most, if not all, of the *Dow Corning* factors weigh heavily in favor of granting further extensions of the Debtors' exclusive period to file a plan as requested herein.

**B.**     **Good Cause Exists To Grant the Debtors' Request To Extend the Exclusivity Periods For the Debtors to File a Plan of Reorganization and Obtain Acceptance Thereof.**

**1.**     ***The size and complexity of the cases***.

Though they operate as an integrated enterprise, the Debtors own and operate eighteen (18) separate skilled nursing facilities and three (3) other health care facilities, which involve dealing with thousands of patients and employees, and hundreds of creditors and vendors on a daily basis. Each of the Debtors' facilities is subject to a different lease and its own unique operational and reorganization challenges. The large number of facilities involved, which together generate annual revenue of approximately $285 million and which together provide care to thousands of elderly residents on a full-time basis, makes the Debtors' 21 chapter 11

cases, particularly when viewed collectively, far more challenging and complex than a single average chapter 11 bankruptcy case.

As noted above, the Debtors have no interest in delaying the administration of these cases. The Debtors continue to make progress with the Committee regarding a consensual plan of reorganization and hope to reach a resolution soon. Accordingly, the Debtors submit that this factor weighs very heavily in favor of an extension of the Debtors' plan exclusivity periods.

**2.** ***The necessity of sufficient time to permit the Debtors to negotiate a plan of reorganization and prepare adequate information, and the existence of good faith progress towards reorganization.***

Since filing for bankruptcy, the Debtors have diligently administered their bankruptcy cases, negotiated cash collateral stipulations and orders with their two secured creditors and the Committee, obtained Court approval for use of cash collateral and debtor in possession financing (in accordance with the foregoing stipulations), obtained Court approval of various motions, including motions to pay employee priority wage claims, maintain utility services, and maintain cash management systems, successfully defeated various motions for relief from the automatic stay, addressed countless operational, banking and financial issues arising from the Debtors' transition into bankruptcy, and successfully operated their skilled nursing and other facilities. The Debtors have engaged in extensive discussions with the Committee's professionals and other parties regarding the potential terms of a plan of reorganization, the result leading to the current chapter 11 plan on file. However, the Committee does not yet fully support the chapter 11 plan and the Debtors respectfully request additional time to reach a consensual resolution.

**3.** ***The fact that the Debtors are paying its bills as they become due.***

The Debtors have been paying, and will continue to pay, their post-petition operating expenses as they become due. The Debtors have filed their monthly operating reports through February 2024.

**4.** ***Whether the Debtors have demonstrated reasonable prospects for filing a viable plan.***

Collectively, the Debtors have been operating profitably post-petition, and the Debtors' current cash combined with future cash projections all evidence and support a feasible plan of reorganization which provides for a meaningful distribution to the Debtors' creditors. Indeed, the Debtors have already filed a viable plan.

**5.** *Whether the Debtors have made progress in negotiations with their creditors*.

There can be no question that this factor has been met. The Debtors have worked with, and intend to continue working closely with, their secured creditors, the Committee, and other parties in interest in these cases to reach a consensual plan of reorganization. Based on the foregoing, the Debtors respectfully submit that this factor weighs heavily in favor of extending the Debtors' exclusive period to file a plan as requested herein.

**6.** *The amount of time which has elapsed in the case*.

The Debtors' bankruptcy cases have been pending for just 9-10 months, which is not a very long period of time for cases of this massive size and complexity. The Debtors have worked tirelessly during their current exclusivity periods to administer these cases, provide information to, and discuss plan terms with the Committee and the Committee's financial advisors, and to obtain information and documents from third parties including the prior owners and third parties. To date the Debtors have been working cooperatively and collaboratively with the Committee, and the Debtors have every expectation and intention of that continuing forward through plan confirmation. Based on the foregoing, the Debtors respectfully submit that this factor weighs heavily in favor of the extension of the Debtors' exclusive period to file a plan.

**7.** *Whether the Debtors are seeking an extension of exclusivity in order to pressure creditors to submit to the Debtors' reorganization demands*.

Courts have found cause to justify an extension of a chapter 11 debtor's exclusivity periods where there is no evidence that an extension is being sought for purposes of pressuring creditors into acceding to a debtor's reorganization demands. *See In re Pine Run Trust, Inc., supra*. The Debtors' request for an extension of their exclusive period to file a plan is being made in good faith and is not being made for the purpose of pressuring creditors into acceding to certain plan terms. On the contrary, the Debtors intend to work and have been working

1   collaboratively with the Committee, the Committee's financial advisors, and other key creditors

2   to propose a consensual plan of reorganization in these cases. Accordingly, the Debtors

3   respectfully submit that this factor also weighs heavily in favor of the requested extension of the

4   Debtors' exclusive period to file a plan.

5       **8.    _Whether an unresolved contingency exists_**.

6       This factor is neutral. There is no outstanding contingency, however, there are

7   unresolved negotiations that the Debtors and Committee are attempting to resolve.

8       As the analysis of the _Dow Corning_ factors above demonstrates, almost all of the factors

9   weigh heavily in favor of the extension of the Debtors' exclusive time to file a plan. The

10  Debtors therefore submit that the Court should grant this Motion.

11                      **III.**

12                  **CONCLUSION**

13      Based upon all of the foregoing, the Debtors respectfully request that this Court enter an

14  order:

15      (a)     granting the Motion;

16      (b)     affirming the adequacy of the notice given;

17      (c)     extending the exclusivity periods for the Debtors to file a plan of reorganization

18  to and including July 20, 2024;

19      (d)     extending the exclusivity periods for the Debtors to obtain acceptances of a plan

20  of reorganization to and including October 20, 2024; and

21      (6)     granting such other and further relief as the Court deems just and proper.

22

23  Dated:  June 4, 2024          WINDSOR TERRACE HEALTHCARE, LLC, _et al._

24                          By:   _/s/ Robert M. Carrasco_____
                                RON BENDER
25                              MONICA Y. KIM
                                JULIET Y. OH
26                              ROBERT M. CARRASCO
                                LEVENE, NEALE, BENDER, YOO
27                                 & GOLUBCHIK L.L.P.
                                Attorneys for Debtors and Debtors in Possession
28

## DECLARATION OF TIANXIAN "SHAWN" ZHOU

I, Tianxiang "Shawn" Zhou, hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am the Chief Financial Officer ("CFO") of Windsor Terrace Healthcare, LLC and the other twenty (20) affiliated entities which are the chapter 11 debtors and debtors in possession in the jointly administered chapter 11 bankruptcy cases herein (collectively, the "Debtors").

3.      I have extensive executive management experience in both financial and operational roles across a wide spectrum of healthcare organizations over the last 17 years.  I started my career in the post-acute sector as a Finance Manager at Plum Healthcare, a skilled nursing facility (SNF) management company that operated over 52 skilled nursing facilities and home health centers.  I then became a Vice President of Finance at Apollo Health, an integrated health care provide that includes Independent Physician Associations (IPAs) and Accountable Care Organizations (ACOs).  Prior to joining the Debtors, I served as the CFO at ReNew Health Group, a healthcare provider operating 32 skilled nursing facilities and assisted living facilities in California.  I joined the Debtors in January, 2022 and have served since then as the CFO of the Debtors.

4.      In my capacity as CFO of the Debtors, I have access to the Debtors' books and records and am familiar with the organization, operations and financial condition of the Debtors.  Any records and documents referred to in this declaration constitute writings taken, made, or maintained in the regular or ordinary course of the Debtors' business at or near the time of act, condition or event to which they relate by persons employed by the Debtors who had a business duty to the Debtors to accurately and completely take, make, and maintain such records and documents.  The statements set forth in this declaration are based upon my own review and knowledge of the Debtors' books and records.

5.    I make this declaration in support of the Motion to which this declaration is attached. Unless otherwise stated, all capitalized terms herein have the same meanings as in the Motion.

6.    On August 23, 2023, nineteen (19) of the Debtors, namely, Windsor Terrace Healthcare, LLC, S&F Home Health Opco I, LLC, S&F Hospice Opco I, LLC, S&F Market Street Healthcare, LLC, Windsor Care Center National City, Inc., Windsor Cheviot Hills, LLC, Windsor Country Drive Care Center, LLC, Windsor Court Assisted Living, LLC, Windsor Cypress Gardens Healthcare, LLC, Windsor El Camino Care Center, LLC, Windsor Elk Grove and Rehabilitation, LLC, Windsor Elmhaven Care Center, LLC, Windsor Gardens Convalescent Hospital, Inc., Windsor Hampton Care Center, LLC, Windsor Monterey Care Center, LLC, Windsor Rosewood Care Center, LLC, Windsor Skyline Care Center, LLC, Windsor The Ridge Rehabilitation Center, LLC, and Windsor Vallejo Care Center, LLC (collectively, the "Original Debtors"), filed voluntary petitions under chapter 11 of the Bankruptcy Code.

7.    On September 29, 2023, Windsor Hayward Estates, LLC and Windsor Sacramento Estates, LLC (together, the "New Debtors," and collectively with the Original Debtors, the "Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code.

8.    All of the Debtors are operating their businesses, managing their financial affairs and administering their bankruptcy estates as debtors in possession. Pursuant to orders entered by the Court in both the Original Debtors' cases and the New Debtors' cases, the bankruptcy cases of all of the Debtors are being jointly administered under the lead case of Windsor Terrace Healthcare, LLC (Case No. 1:23-bk-11200-VK).

9.    One (1) Official Committee of Unsecured Creditors (the "Committee") has been appointed for all 21 of the Debtors' bankruptcy cases.

10.    The Debtors are primarily engaged in the businesses of owning and operating skilled nursing facilities throughout the State of California. Collectively, the Debtors own and operate eighteen (18) skilled nursing facilities, which provide 24 hour, 7 days a week and 365 days a year care to patients who reside at those facilities. In addition to the eighteen (18) skilled nursing facilities, the Debtors own and operate one assisted living facility (which is Windsor

Court Assisted Living, LLC), one home health care center (which is S&F Home Health Opco I, LLC), and one hospice care center (which is S&F Hospice Opco I, LLC).

11.    On November 16, 2023, the Debtors filed their first motion for an order extending exclusivity periods to file their plan and obtain acceptances thereof by which the Original Debtors and the New Debtors sought extensions of approximately 120 days and 90 days, respectively, to April 19, 2024 to file a plan and through June 18, 2024 to obtain acceptances thereof [Dkt. No. 477].

12.    Following extensive discussions with the Committee, the parties entered into a *Stipulated Order Extending the Exclusivity Periods for the Debtors to File a Plan and Obtain Acceptance Thereof* (the "Stipulated Order") [Dkt. No. 477] by which the Committee and the Debtors agreed for the time being that the Debtors' exclusive periods to file their plan and obtain acceptances thereof would be extended by approximately 30 days such that (i) the Original Debtors' exclusive period to file a plan was extended to January 20, 2024 and the Original Debtors' exclusive period to obtain acceptances was extended to March 20, 2023; and (ii) the New Debtors' exclusive period to file a plan was extended to February 26, 2024 and the New Debtors' exclusive period to obtain acceptances was extended to April 26, 2024. The Stipulated Order was without prejudice to the Debtors' rights to seek further extensions of their exclusivity periods.

13.    On December 28, 2023, the Debtors filed their second motion for an order extending exclusivity periods to file their plan and obtain acceptances thereof by which all of the Debtors sought extensions to April 19, 2024 to file a plan and through June 18, 2024 to obtain acceptances thereof [Dkt. No. 543].

14.    Prior to the hearing on the second motion, the Debtors and the Committee engaged in substantial discussions as to the plan exclusivity extensions which the Committee was willing to support based on the progress of the cases. These discussions led to a further stipulation by which the Committee and the Debtors agreed that the Debtors' exclusive periods to file their plan and obtain acceptances thereof would be extended to March 20, 2024 (a month less than requested by the second motion) and July 20, 2024, without prejudice to the Debtors'

rights to seek further extensions of their exclusivity periods. After oral argument, the Court granted the Debtors' second motion extending the Debtors' exclusive periods to file their plan and obtain acceptances thereof to March 20, 2024 and July 20, 2024, without prejudice to the Debtors' rights to seek further extensions of their exclusivity periods.

15.    On February 22, 2024, the Debtors filed their third motion requesting the Court to extend their exclusive period to file a plan of reorganization and obtain acceptances thereof to and including June 20, 2024, and October 20, 2024 [Dkt. No. 647].  The third exclusivity motion was set to be heard on March 14, 2024 at 1:30 p.m.  Prior to the hearing on the third exclusivity motion, the Debtors and the Committee agreed that the Debtors' exclusive periods to file their plan and obtain acceptances thereof would be extended to April 20, 2024 and August 20, 2024, without prejudice to the Debtors' rights to seek further extensions of their exclusivity periods, and the Court entered the stipulated order to this effect on March 14, 2024 [Dkt. No. 706].

16.    On April 16, 2024, the Court approved the Debtors and Committee's stipulation to further extend the exclusivity deadlines to May 20, 2024 and September 20, 2024, without prejudice to the Debtors' rights to seek further extensions of their exclusivity periods [Dkt. No. 795].

17.    On April 16, 2024, the Debtors filed their chapter 11 plan and disclosure statement [Dkt. No's 793 and 794]. The Debtors subsequently filed their motion to approve their disclosure statement ("the "DS Motion") [Dkt. No. 879].

18.    On April 25, 2024, the Debtors filed their fourth motion to extend the exclusive period for the Debtors to file a plan of reorganization to and including June 20, 2024 [Dkt. No. 856] (the "Fourth Exclusivity Motion").  On May 16, 2024, the Court held a hearing on the Fourth Exclusivity Motion and granted the motion over the objections filed by the Committee and S&F Entities.[5]

---

[5] The S&F Entities consist of S&F Management Company, LLC, Lee Samson, and Samson Holdings LLC.

19.     Since the hearing on the Fourth Exclusivity Motion, the Debtors have continued to work with the Committee to propose a fully consensual plan of reorganization. Indeed, the Debtors have entered into three court approved stipulations with the Committee to extend the deadline for the Committee to file a response to the DS Motion.

20.     The Debtors seek an extension of the exclusivity period to file a chapter 11 plan to continue to work with the Committee with the goal of achieving a consensual, value-maximizing plan.

21.     Throughout these cases, the Debtors and the Committee have been working collaboratively, and the Debtors fully desire for this collaborative relationship to continue for the entire duration of these bankruptcy cases through the confirmation of a fully consensual plan of reorganization.

22.     While significant progress has been made and a plan and disclosure statement filed, the Debtors believe that additional time is needed for the Debtors and the Committee to continue engaging in negotiations and discussions to gain further support of the chapter 11 plan and confirmation.

23.     Notably, the Debtors are still in the process of negotiating with litigants regarding the litigants' treatment under the plan of reorganization.[6]

24.     The Debtors wish to maintain the flexibility of maintaining exclusivity to file a plan so that a competing plan is not filed which can potentially lead to uncertainty and require the Debtors to track negotiations across multiple plans.

25.     By this Fifth Motion, the Debtors seek the entry of an order further extending the exclusivity period for the Debtors to file a plan of reorganization for a period of approximately 30 days, to and including July 20, 2024 and October 20, 2024.

---

[6] The Disclosure Statement sets forth, in Exhibits 2(a) through 2(e), proposed claim settlement amounts for all unliquidated litigation claims asserted against the Debtors.  The Debtors are currently negotiating with litigants regarding their proposed claim settlement amounts to avoid filing extensive motions to estimate these claims.

26.      The Debtors submit that there is more than ample "cause" to extend their plan exclusivity periods on the terms requested herein.

27.      Since the Petition Date, the Debtors have properly administered their cases, negotiated cash collateral stipulations with their two secured creditors, and obtained Court approval of all such stipulations.  The Debtors have obtained Court approval of various motions, including motions to pay employee priority wage claims, maintain utility services, and maintain cash management systems, and have successfully defeated various motions, including relief from stay motions filed by various pre-petition litigants.

28.      The Debtors are not seeking to extend their exclusive deadline to file a plan to obtain any unfair advantage over their creditors. Rather, extending the Debtors' exclusive deadline to file a plan will allow the parties to focus on the current plan that has been filed and hopefully reach a consensual resolution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 4th day of June, 2024, at Los Angeles, California

_____
TIANXIANG "SHAWN" ZHOU

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **Debtors' Notice Of Motion And Motion To Further Extend Exclusivity Periods For The Debtors To File A Plan And Obtain Acceptance Thereof; Declaration Of Tianxiang "Shawn" Zhou In Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 4, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Katalina Baumann    Katalina.Baumann@troutman.com, evelyn.duarte@troutman.com,LitigationDocketRequests@troutman.com,elizabeth.streible@troutman.com,Hilary.Barton@Troutman.com,OCCcourtnotices@troutman.com,Susan.Henry@Troutman.com
- Christopher Dale Beatty    chris.beatty@katten.com, marsha.davis@katten.com,courtalertlax@katten.com
- Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Ron Bender    rb@lnbyg.com
- Katherine Bunker    kate.bunker@usdoj.gov
- Joseph E Caceres    jec@locs.com, generalbox@locs.com
- Robert Carrasco    rmc@lnbyg.com, rmc@lnbyg.com
- Louis J. Cisz    lcisz@nixonpeabody.com, jzic@nixonpeabody.com
- Andrew Michael Cummings    andrew.cummings@hklaw.com, philip.dobbs@hklaw.com;hapi@hklaw.com;reena.kaur@hklaw.com
- Eryk R Escobar    eryk.r.escobar@usdoj.gov
- M Douglas Flahaut    flahaut.douglas@arentfox.com
- Eric J Fromme    eric.fromme@afslaw.com, yvonne.li@afslaw.com;kevin.chen@afslaw.com
- Jeffrey Garfinkle    jgarfinkle@buchalter.com, docket@buchalter.com;lverstegen@buchalter.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com
- Vanessa M Haberbush    vhaberbush@lbinsolvency.com, dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,haberbush.assistant@gmail.com,jborin@lbinsolvency.com,lbogard@lbinsolvency.com
- Mark S Horoupian    mark.horoupian@gmlaw.com, mhoroupian@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com;karen.files@gmlaw.com
- Brandon J. Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- Eric P Israel    eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- Robbin L. Itkin    ritkin@sklarkirsh.com, mduran@sklarkirsh.com;KFRAZIER@SKLARKIRSH.COM
- Lior Katz    lior@katzlaw.com
- Christian T Kim    ckim@dumas-law.com, ckim@ecf.inforuptcy.com
- Monica Y Kim    myk@lnbyg.com, myk@ecf.inforuptcy.com
- Robert S Marticello    rmarticello@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- Kevin J McEleney    kmceleney@uks.com, kgauthier@uks.com
- Thomas Glenn Crooks Mclaughlin    tgm@lrplaw.net, patricia@lrplaw.net
- David M Medby    dmedby@lawgarcia.com, jmobley@lawgarcia.com
- Nicholas Miller    nick.miller@hklaw.com, annmarie.jezisek@hklaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

- Roksana D. Moradi-Brovia    Roksana@rhmfirm.com,
  matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- Jeff David Neiderman    jneiderman@jayrothmanlaw.com
- Juliet Y. Oh    jyo@lnbyg.com, jyo@lnbyb.com
- Aron M Oliner    roliner@duanemorris.com
- Robert J Pfister    rpfister@pslawllp.com
- Julie H Rome-Banks    julie@bindermalter.com
- Mary H Rose    mrose@buchalter.com, marias@buchalter.com;docket@buchalter.com
- Terrel Ross    tross@trcmllc.com
- Joseph A Sakay    jsakay@buchalter.com, kcb@hcmp.com;kim.mckenzie@hcmp.com
- Gregory M Salvato    gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- Lovee D Sarenas    lovee.sarenas@dinsmore.com, michael.kerr@dinsmore.com
- Paul Anthony Saso    psaso@pslawllp.com
- Daren M Schlecter    daren@schlecterlaw.com, assistant@schlecterlaw.com
- Lindsey L Smith    lls@lnbyg.com, lls@ecf.inforuptcy.com
- Derrick Talerico    dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Kenneth K Wang    Kenneth.Wang@doj.ca.gov, Anthony.Conklin@doj.ca.gov
- Beth Ann R. Young    bry@lnbyg.com, bry@lnbyb.com
- Joshua del Castillo    jdelcastillo@allenmatkins.com, mdiaz@allenmatkins.com

**2. SERVED BY UNITED STATES MAIL**: On **June 4, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ *Additional service per Proof of Service to be filed by Stretto*

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (**state method for each person or entity served)**:**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 4, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL**
Honorable Victoria S. Kaufman
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 4, 2024 | Rebecka Merritt | /s/ Rebecka Merritt |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                  **F 9013-3.1.PROOF.SERVICE**