# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Victoria Kaufman, Presiding
### Courtroom 301 Calendar

---

**Tuesday, August 20, 2024**                                                 **Hearing Room      301**

---

<u>2:00 PM</u>
**1:23-11200     Windsor Terrace Healthcare, LLC**                                            **Chapter 11**

    **#9.00**    Debtors' Fourth Omnibus Motion For An Order Disallowing Improperly
              Classified Claims

                        Docket        1282

    **Judge:**

On August 12, 2024, the debtors filed a stipulation (the "Stipulation") [doc. 1404] between the debtors and McKesson Medical-Surgical, Inc. ("McKesson"). On August 14, 2024, the Court entered an order approving this Stipulation to resolve the objection to the classificiation of McKesson's claims [doc. 1407].  Given that the Stipulation resolves the debtors' objection to McKesson's claims, the Court will deny the motion as to McKesson's claims as moot.

The Court will grant the motion as to the claims of: (1) Daphne Ibea; (2) Doorstep Dysphagia Diagnostic & Speech Pathology; (3) Elite Healthcare Resources; (4) Gregg J. Gittler, PC dba Gittler & Berg; (5) Joanna M. Flaherty-Moran, MS RD; (6) Steven D. Moore; (7) Select Rehabilitation, LLC; (8) Skilled Nursing Pharmacy; (9) United Healthcare Staffing Inc.; and (10) Mandy Williams.

Regarding the disputed priority claim of Recovery Nursing Agency, the Court will continue the hearing to **September 5, 2024 at 3:00 p.m.**

As concerns the proof of claim filed by Fabienne Ouapou-Lena, the Court will reclassify this claim as an unsecured nonpriority claim.

Ms. Ouapou-Lena has filed a proof of claim against Windsor Elmhaven Care Center, LLC and Windsor Hampton Care Center, LLC (together, the "Relevant Debtors") in the total amount of $5,286.43, $3,125.00 of which is asserted to be a priority claim under 11 U.S.C. § 507(a)(4) and $2,161.43 of which is asserted to be a priority claim under 11 U.S.C. § 507(a)(5).  Ms. Ouapou-Lena's last day of employment with the Relevant Debtors was approximately February 15, 2023.  The Relevant Debtors filed their bankruptcy petitions on August 23, 2023.

11 U.S.C. § 502(a) provides that a proof of claim ("POC") is deemed allowed, unless

---

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Tuesday, August 20, 2024**                                                   **Hearing Room        301**

---

<u>2:00 PM</u>
**CONT...        Windsor Terrace Healthcare, LLC                                         Chapter 11**

a party in interest objects.  Fed.  R. Bankr. P. 3001(f) provides that a POC executed
and filed in accordance with the rules constitutes prima facie evidence of the validity
and amount of the claim.  "To defeat the claim, the objector must come forward with
sufficient evidence and show facts tending to defeat the claim by probative force equal
to that of the allegations of the proofs of claim themselves." *Lundell v. Anchor Const.*
*Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (internal citation omitted).  "If
the objector produces sufficient evidence to negate one or more of the sworn facts in
the proof of claim, the burden reverts to the claimant to prove the validity of the claim
by a preponderance of the evidence. The ultimate burden of persuasion remains at all
times upon the claimant."  *Id*. (internal citations omitted); *In re Laptops Etc. Corp.*,
164 B.R. 506, 522 (Bankr. D. Md. 1993) (burden shifts to claimant, who has ultimate
burden of persuasion as to validity of its claim, "upon objection to the claim coupled
with the admission of probative evidence which tends to sufficiently rebut the prima
facie validity of the claim").

Under 11 U.S.C. § 507(a)(4), priority claims for wages, salaries or commissions must
be earned within 180 days before the date of the bankruptcy filing or the date of the
cessation of the debtor's business, whichever occurs first.  A claim for any wages,
salaries or commissions earned by qualifying individuals prior to the applicable 180-
day period is not entitled to priority.

Similarly,  under 11 U.S.C. § 507(a)(5), priority claims for contributions to an
employee benefit plan must arise from services rendered within 180 days before the
date of the bankruptcy filing or the date of the cessation of the debtor's business,
whichever occurs first.

Because Ms. Ouapou-Lena's employment with the Relevant Debtors ended more than
180 days prior to the filing of the Relevant Debtors' chapter 11 petitions, and the
Relevant Debtors did not cease operations within 180 days after the termination of her
employment, the Court will reclassify Ms. Ouapou-Lena's claim, as set forth in her
POC, as being a nonpriority unsecured claim.

In the debtors' reply, the debtors raise additional issues regarding the *amount* of Ms.
Ouapou-Lena's claim. In the motion, the debtors did not discuss those issues, and Ms.
Ouapou-Lena has not had an adequate opportunity to respond to them.  Consequently,
at this time, the Court will not rule on those issues concerning the *amount* of Ms.

---

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Tuesday, August 20, 2024**                                                                            **Hearing Room       301**

**2:00 PM**
**CONT...        Windsor Terrace Healthcare, LLC**                                                                   **Chapter 11**

Ouapou-Lena's nonpriority unsecured claim.

Regarding the holders of claims which have been reclassified from priority unsecured claims to nonpriority (general) unsecured claims, and which claims are placed in Class 4 of the debtors' chapter 11 plan, as soon as practicable, the debtors must serve these creditors with a blank plan ballot to elect the treatment option under Class 4 which these creditors choose, as the holders of Class 4 claims.

These creditors will have until two weeks following the date of entry of the plan confirmation order to provide counsel for the debtors (by mail or email) with their completed plan ballot selecting the treatment for their allowed Class 4 claims.  For any of these creditors who/which do not return a ballot by that time, the allowed Class 4 claims of those creditors will have the treatment under Class 4 which the plan (if it is confirmed) provides in that situation.

The debtors must submit an order within seven (7) days.

| Party Information |
|---|

**Debtor(s):**

Windsor Terrace Healthcare, LLC            Represented By
                                                            Ron  Bender
                                                            Juliet Y. Oh
                                                            Monica Y Kim
                                                            Lindsey L Smith
                                                            Robert  Carrasco
                                                            Beth Ann R. Young

**Movant(s):**

Windsor Terrace Healthcare, LLC            Represented By
                                                            Ron  Bender
                                                            Ron  Bender
                                                            Juliet Y. Oh
                                                            Juliet Y. Oh

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Tuesday, August 20, 2024**                                                                 **Hearing Room    301**

---

2:00 PM
**CONT...        Windsor Terrace Healthcare, LLC**                                                          **Chapter 11**

                                    Monica Y Kim
                                    Monica Y Kim
                                    Lindsey L Smith
                                    Lindsey L Smith
                                    Robert  Carrasco
                                    Robert  Carrasco
                                    Beth Ann R. Young
                                    Beth Ann R. Young