1  RON BENDER (SBN 143364)
   MONICA Y. KIM (SBN 180139)
2  JULIET Y. OH (SBN 211414)
   ROBERT M. CARRASCO (SBN 334642)
3  LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
4  2818 La Cienega Avenue
   Los Angeles, California 90034
5  Telephone: (310) 229-1234
   Facsimile: (310) 229-1244
6  Email: rb@lnbyg.com; myk@lnbyg.com; jyo@lnbyg.com; rmc@lnbyg.com
7  Attorneys for Reorganized Debtors

8              **UNITED STATES BANKRUPTCY COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
9               **SAN FERNANDO VALLEY DIVISION**

10  In re:                                          ) Lead Case No.: 1:23-bk-11200-VK
                                                     ) Jointly administered with Case Nos.
11  Windsor Terrace Healthcare, LLC, *et al.*,      ) 1:23-bk-11201-VK; 1:23-bk-11212-VK;
                                                     ) 1:23-bk-11202-VK; 1:23-bk-11213-VK;
12        Debtors and Debtors in Possession.        ) 1:23-bk-11203-VK; 1:23-bk-11214-VK;
                                                     ) 1:23-bk-11204-VK; 1:23-bk-11215-VK;
    _____              ) 1:23-bk-11206-VK; 1:23-bk-11216-VK;
13                                                   ) 1:23-bk-11207-VK; 1:23-bk-11217-VK;
    ☒ Affects All Debtors                            ) 1:23-bk-11208-VK; 1:23-bk-11218-VK;
14                                                   ) 1:23-bk-11209-VK; 1:23-bk-11219-VK;
    ☐ Affects S&F Home Health Opco I, LLC            ) 1:23-bk-11210-VK; 1:23-bk-11220-VK;
15  ☐ Affects S&F Hospice Opco I, LLC                ) 1:23-bk-11401-VK; 1:23-bk-11402-VK
    ☐ Affects S&F Market Street Healthcare, LLC      )
16  ☐ Affects Windsor Care Center National City, Inc. )
    ☐ Affects Windsor Cheviot Hills, LLC             )
17  ☐ Affects Windsor Country Drive Care Center, LLC ) Chapter 11 Cases
    ☐ Affects Windsor Court Assisted Living, LLC     )
18  ☐ Affects Windsor Cypress Gardens Healthcare, LLC ) **REORGANIZED DEBTORS' NOTICE**
    ☐ Affects Windsor El Camino Care Center, LLC     ) **OF MOTION AND MOTION FOR AN**
19  ☐ Affects Windsor Elk Grove and Rehabilitation,  ) **ORDER DISALLOWING INFINIUM**
    LLC                                              ) **HEALTHCARE, INC.'S REQUEST**
20  ☐ Affects Windsor Elmhaven Care Center, LLC      ) **FOR ALLOWANCE AND PAYMENT**
    ☐ Affects Windsor Gardens Convalescent Hospital, ) **OF CHAPTER 11 ADMINSTRATIVE**
21  Inc.                                             ) **CLAIM;        DECLARATION     IN**
    ☐ Affects Windsor Hampton Care Center, LLC       ) **SUPPORT**
22  ☐ Affects Windsor Hayward Estates, LLC           )
23  ☐ Affects Windsor Monterey Care Center, LLC      ) Hearing:
    ☐ Affects Windsor Rosewood Care Center, LLC      ) Date:    December 18, 2024
24  ☐ Affects Windsor Sacramento Estates, LLC        ) Time:    1:30 p.m.
    ☐ Affects Windsor Skyline Care Center, LLC       ) Place:   Courtroom 301
25  ☐ Affects Windsor Terrace Healthcare, LLC        )         21041 Burbank Boulevard
    ☐ Affects Windsor The Ridge Rehabilitation Center, )       Woodland Hills, CA 91367
26  LLC                                              )
    ☐ Affects Windsor Vallejo Care Center, LLC       )
27                                                   )
                                                     )
28  _____              )

1

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE; CLAIMANT INFINIUM HEALTHCARE, INC. AND ITS COUNSEL; THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; SECURED CREDITORS AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that a hearing has been scheduled on December 18, 2024 at 1:30 p.m., before the Honorable Victoria S. Kaufman, United States Bankruptcy Judge, in Courtroom "301" of the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, located at 21041 Burbank Blvd., Woodland Hills, California 91367 and via ZoomGov, for the Court to consider the motion (the "Motion") filed by Windsor Terrace Healthcare, LLC and its twenty (20) affiliates which are collectively the Reorganized Debtors in the above-captioned jointly administered chapter 11 bankruptcy cases (collectively, the "Debtors"), for an order disallowing the Request for Allowance and Payment of Chapter 11 Administrative Claim (the "Claim") filed by Infinium Healthcare, Inc. ("Infinium") as Doc. No. 1596 seeking the allowance of payment of an administrative claim of $107,000 in these cases.

**PLEASE TAKE FURTHER NOTICE** that in addition to appearing in person, parties in interest (and their counsel) may appear remotely using ZoomGov audio and video.  Parties in interest (and their counsel) may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet). The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet.  Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.[1]

**Join CACB ZoomGov Meeting**
**Video/audio web address:**  https://cacb.zoomgov.com/j/1606127142
**Meeting ID:** 160 612 7142
**Password:** 834499

---

[1] For more information on appearing before Judge Kaufman by ZoomGov, please see the information entitled "Tips for a Successful ZoomGov Court Experience" on the Court's website at: https://www.cacb.uscourts.gov/judges/honorable-victoria-s-kaufman under the tab "Telephonic Instructions."

**<u>Join by Telephone</u>**
**Telephone conference lines:** 1-669-254-5252 OR 1-646-828-7666
Meeting ID: 160 612 7142
Password: 160 612 7142

    **PLEASE TAKE FURTHER NOTICE** that Members of the public and the press may only connect to the zoom audio feed, and only by telephone. Access to the video feed by these individuals is prohibited. In the case of a trial or evidentiary hearing, no audio access will be provided. However, members of the public and the press may observe all proceedings in person. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required. The use of ZoomGov is free of charge to participants. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record. All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions. Any party in interest or counsel that elects to appear remotely by ZoomGov bears the risk of malfunction or disconnection from the hearing.

    **PLEASE TAKE FURTHER NOTICE** that the Motion seeks to alter the rights of the claimant asserting the Claim by disallowing such Claim based upon the grounds set forth in the Motion. **PLEASE READ THIS DOCUMENT CAREFULLY TO DETERMINE THE BASIS FOR THE DEBTORS' OBJECTIONS TO YOUR CLAIM.** The specific grounds for the Motion are set forth in detail in the attached Memorandum of Points and Authorities.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rules 3007-1(b)(3)(A) and 9013-1(f), any response to the Motion must be in writing and filed with the Clerk of the Bankruptcy Court and served upon the United States Trustee and counsel for the Debtors at the address set forth in the upper left-hand corner of the first page hereof not later than fourteen (14) days prior to the scheduled hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 3007-1(b)(3)(B), the Court may deem the failure of a party in interest to file a timely response to the Motion to constitute consent to the granting by the Court of the relief requested by the Debtors in the Motion without further notice or hearing.

Dated:  November 18, 2024

WINDSOR TERRACE HEALTHCARE
CENTER, LLC, *et al.*

By:___*/s/ Monica Y. Kim*_____
    RON BENDER
    MONICA Y. KIM
    JULIET Y. OH
    ROBERT M. CARRASCO
    LEVENE, NEALE, BENDER, YOO
      & GOLUBCHIK L.L.P.
    Attorneys for Reorganized Debtors

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

**A.**    **Background**

1.    On August 23, 2023, the nineteen (19) of the Debtors, namely Windsor Terrace Healthcare, LLC, S&F Home Health Opco I, LLC, S&F Hospice Opco I, LLC, S&F Market Street Healthcare, LLC, Windsor Care Center National City, Inc., Windsor Cheviot Hills, LLC, Windsor Country Drive Care Center, LLC, Windsor Court Assisted Living, LLC, Windsor Cypress Gardens Healthcare, LLC, Windsor El Camino Care Center, LLC, Windsor Elk Grove and Rehabilitation, LLC, Windsor Elmhaven Care Center, LLC, Windsor Gardens Convalescent Hospital, Inc., Windsor Hampton Care Center, LLC, Windsor Monterey Care Center, LLC, Windsor Rosewood Care Center, LLC, Windsor Skyline Care Center, LLC, Windsor The Ridge Rehabilitation Center, LLC, and Windsor Vallejo Care Center, LLC (collectively, the "Original Debtors"), namely, filed voluntary petitions under chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2.    On September 29, 2023, the two (2) remaining Debtors, namely Windsor Hayward Estates, LLC and Windsor Sacramento Estates, LLC (together, the "New Debtors"), filed voluntary petitions under chapter 11 of the Bankruptcy Code.

3.    The Debtors are primarily engaged in the businesses of owning and operating skilled nursing facilities throughout the State of California.  Collectively, the Debtors own and operate eighteen skilled nursing facilities, which provide 24 hour, 7 days a week and 365 days a year care to patients who reside at those facilities.  In addition to the eighteen skilled nursing facilities, the Debtors own and operate one assisted living facility (which is Windsor Court Assisted Living, LLC), one home health care center (which is S&F Home Health Opco I, LLC), and one hospice care center (which is S&F Hospice Opco I, LLC).

4.      All of the administrative services for the facilities are provided by an affiliated entity, NewGen Administrative Services, LLC (the "Administrative Company").    The Administrative Company services and handles all of the administrative tasks for all of the Debtors.

5.      The Administrative Company (and the Debtors' owners) assumed control over the administrative services of the facilities on or around March 1, 2023, and the Debtors' owners acquired the ownership of the Debtors on or around July 1, 2023.

6.      On September 4, 2024, the Court entered its order confirming the Debtors' Plan of Reorganization (Dated June 11, 2024) (the "Plan"), and the Plan's "Effective Date" occurred on September 19, 2024.

7.      Under the Plan, the deadline for any creditor to assert an administrative claim against the Debtors' estates (the "Administrative Claims Bar Date") was October 19, 2024.   In order to assert a timely administrative claim, a creditor was required to file a pleading with the Court by the Administrative Claims Bar Date in which the creditor indicates the amount of its asserted administrative claim and attaches as an exhibit all documentary evidence in support of its asserted administrative claim and serve that pleading on counsel for the Debtors.  The Debtors are required to file with the Court any objection to any asserted administrative claim by the date that is forty-five (45) days after the date of filing of the disputed administrative claim and to set the matter for hearing.

8.      On October 17, 2024, Infinium filed its Request for Allowance and Payment of Chapter 11 Administrative Claim (the "Request") [Doc. No. 1596], seeking the allowance and payment of $107,000 as an alleged administrative claim (the "Claim") pursuant to Section 503(b) of the Bankruptcy Code, a copy of which is attached as **Exhibit A** to the Declaration of Tianxiang "Shawn" Zhou ("Zhou Declaration") annexed hereto.

**B.      Pre-Petition Contract Between Infinium And Administrative Company**

9.      The principal of Infinium, Brad Gibson, was the former CFO of the administrative and management companies which operated the Debtors' facilities prior to the current owners' acquisition of the facilities. As shown by Exhibit "1" attached to the Declaration of Brad Gibson

filed with the Request ("Gibson Declaration"), Mr. Gibson was the CFO of S&F Management Company, LLC/Windsor Healthcare from 2017 to 2023.

10.    Shortly after the Administrative Company assumed control over the administrative services of the Debtors' facilities on or around March 1, 2023, the Administrative Company executed a letter dated April 19, 2023 prepared by Infinium which sets forth a summary of services that Infinium agreed to provide to the Administrative Company for a flat fee of $145,000 per month. A copy of this letter is attached as **Exhibit B** to the Zhou Declaration. There are no agreements between any of the Debtors and Infinium.

11.    The Request seeks the allowance and payment of the Claim totaling $107,000 based on: (a) $72,500 for services allegedly rendered for the period of October 16, 2023 through October 31, 2023 (the "72,500 Payment"), and (b) $34,500 for so-called "Transition Services" which allegedly consist of Infinium professionals spending over 250 hours between November 1, 2023 and November 3, 2023 (a period of just 3 days) assisting the Debtors with services to transition administrative functions from Infinium to the Administrative Company (the "$34,500 Payment").

12.    The Debtors hereby object to the Request in its entirety and requests that the Claim be disallowed in full. As discussed further below:

(i)    The Claim does not arise from a transaction with any of the Debtors (let alone a post-petition transaction), but rather, a pre-petition contract with a non-debtor, third party (*i.e.,* the Administrative Company); thus, any consideration or benefit provided by Infinium (which is disputed) was received by the Administrative Company, and not any of the Debtors.

(ii)    The Administrative Company did not receive all of the information, documents and services for which it agreed to make the $72,500 Payment as demonstrated by the Zhou Declaration and the evidence provided by Infinium in support of its Claim; therefore, Infinium did not provide the necessary services that benefitted or preserved the Debtors' estates.

(iii)    There is no detail, backup or evidence supporting Mr. Gibson's vague and general statement that Infinium professionals spent over 250 hours during a 3-day period to provide "Transition Services" or what these services consist of despite the requirement in the Plan

that all requests for allowance and payment of administrative claims attach as an exhibit "all documentary evidence in support of its asserted administrative claim."

13.    Simply put, Infinium has not met its burden that it is entitled to the Claim as an administrative claim in these cases and the Request should be denied in its entirety.

**II.**

**DISCUSSION**

The burden of proving an administrative expense claim is on the claimant. *In re Sinclair*, 92 B.R. 787, 788 (Bank.S.D.Ill.1988). A claimant must establish by a preponderance of the evidence that its claim should be allowed. *In re Lundell*, 223 F.3d 1035, 1039 (9th Cir. 2000). The objecting party is not required to disprove the claim. *In re Kahn*, 114 B.R. 40 (Bankr. S.D. N.Y. 1990). The Bankruptcy Court has the power to "sift" the circumstances surrounding any claim to see that injustice or unfairness is not done in the administration of the bankruptcy estate. *Pepper vs. Litton*, 308 U.S. 295, 304, 60 S.Ct. 238, 244 (1939).

Section 503(b)(1)(A) is "explicit. Any claim for administrative expenses and costs must be the actual and necessary costs of preserving the estate for the benefit of its creditors." *In re Gilman*, 646 B.R. 277, 288 (Bankr. C.D. Cal. 2022) (quoting *In re Machevsky*, 637 B.R. 510, 526 (Bankr. C.D. Cal. 2021). "An actual benefit must accrue to the estate." *Id.*

The claimant must satisfy a two-prong test that shows the administrative expense (1) arose from a transaction with the debtor-in-possession as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate. *In re DAK Industries, Inc*. ("*DAK*"), 66 F.3d 1091, 1094 (9th Cir. 1995), *citing In re White Motor Corp*., 831 F.2d 106, 110 (6th Cir.1987). The bankruptcy court has broad discretion to determine whether to grant such a claim. *DAK*, 66 F.3d at 1094, *citing In re Dant & Russell, Inc*., 853 F.2d 700, 706 (9th Cir.1988). In order to keep administrative costs to the estate at a minimum, "the actual, necessary costs and expenses of preserving the estate," § 503(1)(A), are **construed narrowly**. *DAK*, 66 F.3d at 1094, *citing In re Palau*, 139 B.R. 942, 944 (9th Cir. BAP 1992), aff'd, 18 F.3d 746 (9th Cir.1994) (emphasis

1  added).  Based on the applicable legal standards and the facts and evidence presented, Infinium

2  has not met its burden of establishing that the Claim should be allowed.

3  **A.      There is no post-petition transaction or contract between Debtors and**

4  **Infinium and Debtors have no debt to Infinium.**

5  There is no post-petition (or pre-petition) transaction or contract between any of the

6  Debtors and Infinium for services. Prior to and during their bankruptcies, the Debtors wholly

7  relied on their Administrative Company to handle all administrative functions. To perform the

8  necessary services to the Debtors pursuant to its management agreement with the Debtors, the

9  Administrative Company executed a letter with Infinium many months prior to the Debtors'

10 bankruptcy cases for services, as shown by **Exhibit B** attached to the Zhou Declaration, for the

11 Administrative Company to receive certain services from Infinium. Thus, the Debtors never

12 entered into any post-petition agreement or transaction with Infinium for Infinium to provide any

13 consideration and/or services to the Debtors; thus, the Debtors have no direct post-petition liability

14 or debt to Infinium.

15 The Bankruptcy Code defines "debt" as liability on a "claim."  11 U.S.C. § 101(12).   It

16 defines a "claim" as the "right to payment, whether or not such right is reduced to judgment,

17 liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal,

18 equitable, secured, or unsecured…."  11 U.S.C. § 101(5)(A).   Here, there can be no dispute that

19 Infinium does not have a direct claim against any of the Debtors as the Debtors never entered into

20 any transaction or contract, whether pre-petition or post-petition, with Infinium. *In re Gilman*,

21 646 B.R. 277, 288 (Bankr. C.D. Cal. 2022) (denying creditor's administrative request and holding

22 "Creditors have not shown that their expenses arose from a transaction with the Trustee, or that

23 the Trustee authorized Creditors' actions. Although Creditors assert that the Trustee induced them

24 to incur expenses, there was no agreement between Creditors and the Trustee allowing them to

25 act on behalf of the estate.").

26 Allowing Infinium any administrative claim with priority over unsecured creditors would

27 also not serve the purpose of 11 U.S.C. § 503.   The principal purpose of 11 U.S.C. § 503 is to

28 induce entities to do business with a debtor after bankruptcy by insuring that those entities receive

payment for services rendered.  *DAK*, 66 F.3d at 1097, *citing In re Christian Life Ctr.*, 821 F.2d 1370, 1373 (9th Cir. 1987). Payment of administrative expenses allows the debtor to secure goods and services necessary to administer the estate, which ultimately accrues to the benefit of all creditors.  *Id.*   In this case, Infinium did not do any business with the Debtors post-petition; yet, Infinium now seeks to shift the liability to the Debtors despite (1) the Infinium letter being signed by the Administrative Company, (2) Infinium having invoiced the Administrative Company (as evidenced by <u>Exhibit "2"</u> attached to the Gibson Declaration filed with the Request, and (3) all communications and dealings relating to the Debtors having involved Infinium and Administrative Company personnel. Under these facts, Infinium clearly fails the first prong of the two-part test and there is no basis for the Claim to be allowed against the Debtors' estates.

**B.**     **<u>Infinium did not benefit or preserve the Debtors' estates as it failed to provide the necessary documents and information</u>.**

To be allowed an administrative claim, the claimant must demonstrate that it incurred "actual, necessary costs and expenses" of "preserving the estate." 11 U.S.C. § 503(b). Infinium contends that it "preserved the estate" and should be allowed the $72,500 Payment as an administrative claim because Infinium allegedly provided all of the documents and information that it agreed to provide for such payment. However, this allegation is contradicted by Infinium's own evidence of e-mail exchanges between Infinium and Administrative Company personnel which are attached as <u>Exhibit "3"</u> to the Gibson Declaration, the Zhou Declaration and the additional e-mails which are annexed to the Zhou Declaration.

In his Declaration, Mr. Gibson declares that "Shawn Zhou stated in an e-mail on November 1, 2023 that "[w]e will absolutely make the remaining outstanding payment of $72,500 on 11/08 as per our contractual obligations." However, this misstates Mr. Zhou's actual statements to Mr. Gibson. What Mr. Zhou actually stated was, "Per our conversation last night, *__assuming that the below listing of outstanding items are received by Friday of this week__*. We will

absolutely make the remaining outstanding payment of $72,500 on 11/08 as per our contractual obligations." (emphasis added)

Subsequent to this e-mail from Mr. Zhou, a large number of back and forth e-mails ensued through November 11, 2024 between Infinium and the Administrative Company regarding the status of outstanding items which Infinium had not provided, which continue to remain outstanding and which were never provided by Infinium. Some of these e-mails, but not all, are attached as Exhibit "3" to the Gibson Declaration. Additional e-mails between Infinium and the Administrative Company are attached to the Zhou Declaration as **Exhibit C.** All of these e-mails confirm that Infinium did not fully perform the services that it alleges were performed or needed to be performed to receive the $72,500 Payment.

As these e-mail exchanges show, Infinium was required to provide various financial and accounting information, including, without limitation, reconciliations and balance sheets with supporting documents, listings of certain types of checks, bad debt & prepayments schedules, AP aging reports, vendor W9 forms, invoice & expense reports, listings of fixed assets, accrued liabilities, prior governmental reportings, and information as to Covid related expenses. Despite Mr. Gibson's contention that all of the information and documents had been provided by the end of October, 2023, there were significant amounts of missing deliverables as shown, in part, by (i) Infinium's own evidence detailed in the e-mail exchanges attached as Exhibit "3" to the Gibson Declaration which includes Mr. Gibson's communication on November 6, 2023 by which he attempted to provide additional information and documents to the Administrative Company, and (ii) e-mail exchanges attached as **Exhibit C** to the Zhou Declaration which also show that Infinium attempted to provide the required information and documents well after October 31, 2023. However, on November 7, 2023, after the Administrative Company had repeatedly pointed out that there continued to be missing items, no further information or documents were ever received from Infinium.

Based on the foregoing, Infinium did not perform the "actual" or "necessary" services to earn the $72,500 Payment, and did not benefit or preserve the Debtors' estates. *See In re Kmart Corp.*, 293 B.R. 905, 910 (Bankr. N.D. Ill. 2003) (denying creditor's request for administrative expense after finding that [debtor] has nothing to show for the post-petition work that [creditor] performed"; *see also Gilman*, 646 B.R. 277, 288 (Bankr. C.D. Cal. 2022) ("creditors' actions did not directly and substantially benefit the estate.").

Under these facts and circumstances, the Claim must be disallowed.

**C.    There is no detail or evidence the support the allowance and payment of the $34,500 Payment for "Transition Services."**

As detailed above, the claimant must prove its administrative expense by a preponderance of the evidence. *In re Sinclair,* 92 B.R. 787, 788 (Bank.S.D.Ill.1988); *In re Lundell*, 223 F.3d 1035, 1039 (9th Cir. 2000).

With no detail, backup or evidence, Infinium contends that its professionals spent at least 250 hours between November 1, 2023 and November 3, 2023 "assisting the Debtors in their efforts to transition from Infinium providing the Infinium Services to those services being provided and handled by NewGen." Putting aside the fact that this statement is essentially an admission that any "Transition Services" inured to the benefit of "NewGen" (*i.e.,* the Administrative Company) as the replacement administrative company to take over the prior functions performed by Mr. Gibson and his company and not the Debtors, the statement is not supported in any way.

What are the "Transition Services?" Are these services different than the services that Infinium was to provide for the $72,500 Payment which Infinium admittedly sought to perform after November 1, 2023 or duplicate services? Who are the personnel who performed these services? How did these personnel spend more than 250 hours in a span of just 3 days? Is there

any writing that shows what "Transition Services" were requested by the Administrative Company, and, if so, why isn't there any confirmation in writing?

This portion of the Claim must fail because there is simply no supporting evidence. *See In re Saxton, Inc.*, No. BAP NV-06-1354-ESD, 2007 WL 7540972, at *6 (B.A.P. 9th Cir. July 30, 2007) (affirming bankruptcy court's denial of claimants' application for administrative expenses on the basis that claimants' affidavits in support of their administrative expense application were "vague, general, and lacking in any specificity" such that there is "no showing of a financial benefit to the estate from the performance of any of claimants' activities.").

Infinium has failed to satisfy its burden of proof by a preponderance of the evidence as to the Transition Services because the request for $34,500 contains no documentary support.

## III.

## RESERVATION OF RIGHTS

The Debtors expressly reserve the right to amend, modify or supplement this Motion or file a new Motion to assert additional objections to the Claim. Should the grounds for disallowance of the Claim stated in the Motion be deemed insufficient, the Debtors reserve their right to object on any other grounds.

## IV.

## CONCLUSION

For the reasons set forth above, the Debtors respectfully requests that the Court enter an order:

1.     granting the Motion in its entirety;

2.     sustaining the Debtors' objections to the Claim and disallowing the Claim in its entirety; and

3.     granting such other and further relief the Court deems just and proper.

1    Dated:  November 18, 2024          WINDSOR TERRACE HEALTHCARE
                                        CENTER, LLC, *et al.*
2

3                                       By:___*/s/ Monica Y. Kim*_____
                                            RON BENDER
4                                           MONICA Y. KIM
                                            JULIET Y. OH
5                                           ROBERT M. CARRASCO
                                            LEVENE, NEALE, BENDER, YOO
6                                               & GOLUBCHIK L.L.P.
                                            Attorneys for Reorganized Debtors
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION OF TIANXIANG "SHAWN" ZHOU**

I, Tianxiang "Shawn" Zhou, hereby declare as follows:

1.    I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.    I am the Chief Financial Officer ("CFO") of Windsor Terrace Healthcare, LLC and the other twenty (20) affiliated entities which are the chapter 11 debtors and debtors in possession in the jointly administered chapter 11 bankruptcy cases herein (collectively, the "Debtors").

3.    I have extensive executive management experience in both financial and operational roles across a wide spectrum of healthcare organizations over the last 17 years.  I started my career in the post-acute sector as a Finance Manager at Plum Healthcare, a skilled nursing facility (SNF) management company that operated over 52 skilled nursing facilities and home health centers.  I then became a Vice President of Finance at Apollo Health, an integrated health care provide that includes Independent Physician Associations (IPAs) and Accountable Care Organizations (ACOs).  Prior to joining the Debtors, I served as the CFO at ReNew Health Group, a healthcare provider operating 32 skilled nursing facilities and assisted living facilities in California.  I joined the Debtors in January, 2022 and have served since then as the CFO of the Debtors.

4.    In my capacity as CFO of the Debtors, I have access to the Debtors' books and records and am familiar with the organization, operations and financial condition of the Debtors. Any records and documents referred to in this declaration constitute writings taken, made, or maintained in the regular or ordinary course of the Debtors' business at or near the time of act, condition or event to which they relate by persons employed by the Debtors who had a business duty to the Debtors to accurately and completely take, make, and maintain such records and documents.  The statements set forth in this declaration are based upon my own review and knowledge of the Debtors' books and records.

5.    I make this declaration in support of the Debtors' motion (the "Motion") for an order disallowing the Request for Allowance and Payment of Chapter 11 Administrative Claim

filed by Infinium Healthcare, Inc., a copy of which is attached hereto as **Exhibit A** hereto.  All

capitalized terms not specifically defined herein shall have the meaning ascribed to them in the

Motion.

6.    On August 23, 2023, the nineteen (19) of the Debtors, namely Windsor Terrace

Healthcare, LLC, S&F Home Health Opco I, LLC, S&F Hospice Opco I, LLC, S&F Market Street

Healthcare, LLC, Windsor Care Center National City, Inc., Windsor Cheviot Hills, LLC, Windsor

Country Drive Care Center, LLC, Windsor Court Assisted Living, LLC, Windsor Cypress

Gardens Healthcare, LLC, Windsor El Camino Care Center, LLC, Windsor Elk Grove and

Rehabilitation, LLC, Windsor Elmhaven Care Center, LLC, Windsor Gardens Convalescent

Hospital, Inc., Windsor Hampton Care Center, LLC, Windsor Monterey Care Center, LLC,

Windsor Rosewood Care Center, LLC, Windsor Skyline Care Center, LLC, Windsor The Ridge

Rehabilitation Center, LLC, and Windsor Vallejo Care Center, LLC (collectively, the "Original

Debtors"), namely, filed voluntary petitions under chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the

"Bankruptcy Code").

7.    On September 29, 2023, the two (2) remaining Debtors, namely Windsor Hayward

Estates, LLC and Windsor Sacramento Estates, LLC (together, the "New Debtors"), filed

voluntary petitions under chapter 11 of the Bankruptcy Code.

8.    The Debtors are primarily engaged in the businesses of owning and operating

skilled nursing facilities throughout the State of California.  Collectively, the Debtors own and

operate eighteen skilled nursing facilities, which provide 24 hour, 7 days a week and 365 days a

year care to patients who reside at those facilities.  In addition to the eighteen skilled nursing

facilities, the Debtors own and operate one assisted living facility (which is Windsor Court

Assisted Living, LLC), one home health care center (which is S&F Home Health Opco I, LLC),

and one hospice care center (which is S&F Hospice Opco I, LLC).

9.    All of the administrative services for the facilities are provided by an affiliated

entity, NewGen Administrative Services, LLC (the "Administrative Company").    The

Administrative Company services and handles all of the administrative tasks for all of the Debtors.

10.    The Administrative Company (and the Debtors' owners) assumed control over the administrative services of the facilities on or around March 1, 2023, and the Debtors' owners acquired the ownership of the Debtors on or around July 1, 2023.

11.    On September 4, 2024, the Court entered its order confirming the Debtors' Plan of Reorganization (Dated June 11, 2024) (the "Plan"), and the Plan's "Effective Date" occurred on September 19, 2024.

12.    Under the Plan, the deadline for any creditor to assert an administrative claim against the Debtors' estates (the "Administrative Claims Bar Date") was October 19, 2024.   In order to assert a timely administrative claim, a creditor was required to file a pleading with the Court by the Administrative Claims Bar Date in which the creditor indicates the amount of its asserted administrative claim and attaches as an exhibit all documentary evidence in support of its asserted administrative claim and serve that pleading on counsel for the Debtors.  The Debtors are required to file with the Court any objection to any asserted administrative claim by the date that is forty-five (45) days after the date of filing of the disputed administrative claim and to set the matter for hearing.

13.    On October 17, 2024, Infinium filed its Request for Allowance and Payment of Chapter 11 Administrative Claim (the "Request") [Doc. No. 1596], seeking the allowance and payment of $107,000 as an alleged administrative claim (the "Claim") pursuant to Section 503(b) of the Bankruptcy Code, a copy of which is attached hereto as **Exhibit A**.

14.    The principal of Infinium, Brad Gibson, was the former CFO of the administrative and management companies which operated the Debtors' facilities prior to the current owners' acquisition of the facilities. As shown by Exhibit "1" attached to the Declaration of Brad Gibson filed with the Request ("Gibson Declaration"), Mr. Gibson was the CFO of S&F Management Company, LLC/Windsor Healthcare from 2017 to 2023.

15.    Shortly after the Administrative Company assumed control over the administrative services of the Debtors' facilities on or around March 1, 2023, the Administrative Company executed a letter dated April 19, 2023 prepared by Infinium which sets forth a summary of services that Infinium agreed to provide to the Administrative Company for a flat fee of $145,000 per

month. A copy of this letter is attached hereto as **Exhibit B**. There are no agreements between any of the Debtors and Infinium.

16. The Request seeks the allowance and payment of the Claim totaling $107,000 based on: (a) $72,500 for services allegedly rendered for the period of October 16, 2023 through October 31, 2023 (the "72,500 Payment"), and (b) $34,500 for so-called "Transition Services" which allegedly consist of Infinium professionals spending over 250 hours between November 1, 2023 and November 3, 2023 (a period of just 3 days)  assisting the Debtors with services to transition administrative functions from Infinium to the Administrative Company (the "$34,500 Payment").

17. In his Declaration, Mr. Gibson declares that "Shawn Zhou stated in an e-mail on November 1, 2023 that '[w]e will absolutely make the remaining outstanding payment of $72,500 on 11/08 as per our contractual obligations." However, this misstates my actual statements to Mr. Gibson. What I actually stated was, "Per our conversation last night, *assuming that the below listing of outstanding items are received by Friday of this week*. We will absolutely make the remaining outstanding payment of $72,500 on 11/08 as per our contractual obligations." (emphasis added)

18. Subsequent to this e-mail from me, a large number of back and forth e-mails ensued through November 11, 2024 between Infinium and the Administrative Company regarding the status of outstanding items which Infinium had not provided, which continue to remain outstanding and which were never provided by Infinium. Some of these e-mails, but not all, are attached as Exhibit "3" to the Gibson Declaration. Additional e-mails between Infinium and the Administrative Company are attached hereto as **Exhibit C.** All of these e-mails confirm that Infinium did not fully perform the services that it alleges were performed or needed to be performed to receive the $72,500 Payment.

19. As these e-mail exchanges show, Infinium was required to provide various financial and accounting information, including, without limitation, reconciliations and balance

sheets with supporting documents, listings of certain types of checks, bad debt & prepayments schedules, AP aging reports, vendor W9 forms, invoice & expense reports, listings of fixed assets, accrued liabilities, prior governmental reportings, and information as to Covid related expenses. Despite Mr. Gibson's contention that all of the information and documents had been provided by the end of October, 2023, there were significant amounts of missing deliverables as shown, in part, by (i) Infinium's own evidence detailed in the e-mail exchanges attached as <u>Exhibit "3"</u> to the Gibson Declaration which includes Mr. Gibson's communication on November 6, 2023 by which he attempted to provide additional information and documents to the Administrative Company, and (ii) e-mail exchanges attached hereto as **Exhibit C** which also show that Infinium attempted to provide the required information and documents well after October 31, 2023. However, on November 7, 2023, after the Administrative Company had repeatedly pointed out that there continued to be missing items, no further information or documents were ever received from Infinium.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 18th day of November, 2024 at Los Angeles, California.

_____
TIANXIANG "SHAWN" ZHOU

**EXHIBIT A**

M. Douglas Flahaut (SBN 245558)
**ECHO PARK LEGAL, APC**
2210 Sunset Blvd. # 301
Los Angeles, CA  90026
Telephone:      310.709.0658
Email:  df@echoparklegal.com
Counsel for Infinium Healthcare, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>**Windsor Terrace Healthcare, LLC et al.,**<br>**Debtors and Debtors-in-Possession** | Lead Case No. 1:23-bk-11200-VK<br><br>Jointly administered with Case Nos.<br>1:23-bk-11201; 1:23-bk-11202; 1:23-bk-11203;<br>1:23-bk-11204; 1:23-bk-11206; 1:23-bk-11207;<br>1:23-bk-11208; 1:23-bk-11209; 1:23-bk-11210;<br>1:23-bk-11212; 1:23-bk-11213; 1:23-bk-11214;<br>1:23-bk-11215; 1:23-bk-11216; 1:23-bk-11217;<br>1:23-bk-11218; 1:23-bk-11219; 1:23-bk-11220;<br>1:23-bk-11401; 1:23-bk-11402 |
| S&F Home Health Opco I, LLC;<br>S&F Hospice Opco I, LLC;<br>S&F Market Street Healthcare, LLC;<br>Windsor Care Center National City, Inc.;<br>Windsor Cheviot Hills, LLC;<br>Windsor Country Drive Care Center, LLC;<br>Windsor Court Assisted Living, LLC;<br>Windsor Cypress Gardens Healthcare, LLC;<br>Windsor El Camino Care Center, LLC;<br>Windsor Elk Grove and Rehabilitation, LLC;<br>Windsor Elmhaven Care Center, LLC;<br>Windsor Gardens Convalescent Hospital, Inc.;<br>Windsor Hampton Care Center, LLC;<br>Windsor Hayward Estates, LLC;<br>Windsor Monterey Care Center, LLC;<br>Windsor Rosewood Care Center, LLC;<br>Windsor Sacramento Estates, LLC;<br>Windsor Skyline Care Center, LLC;<br>Windsor The Ridge Rehabilitation Centers,<br>LLC; and<br>Windsor Vallejo Care Center, LLC,<br><br>    Jointly Administered Debtors | Chapter 11 Cases<br><br>**INFINIUM HEALTHCARE, INC.'S**<br>**REQUEST FOR ALLOWANCE AND**<br>**PAYMENT OF CHAPTER 11**<br>**ADMINISTRATIVE CLAIM** |

**TO THE HONORABLE VICTORIA KAUFMAN UNITED STATES
BANKRUPTCY JUDGE AND ALL OTHER PARTIES IN INTEREST:**

As specifically provided for in paragraph 46 of this Court's confirmation order entered as Dkt. No. 1437, <u>Infinium Healthcare, Inc. submits this timely claim for allowance and payment of an administrative claim in the amount of $107,000 as follows:</u>

## **FACTUAL BACKGROUND**

Infinium Healthcare, Inc. ("Infinium") files this *Request for Allowance and Payment of Chapter 11 Administrative Claim* (the "Infinium Administrative Claim") pursuant to the procedures set forth in paragraph 46 of this Court's confirmation order and hereby requests allowance and payment of an administrative claim pursuant to Section 503(b) of the Bankruptcy Code in the amount of $107,000 representing the value of actual and necessary services provided by Infinium for the benefit of the above-captioned 21 debtors (the "Debtors").

In April of 2023 Infinium was contracted to provide certain crucial back-office administrative services for the Debtors pursuant to a memorandum of understanding.  As set forth in more detail in the attached declaration of Infinium's principal Brad Gibson (the "Gibson Declaration"), Infinium provided numerous valuable services for the Debtors.  Each month, Infinium would typically submit its bill for the Infinium Services and be paid $72,500 twice monthly by the 10th and 25th of the month, respectively, which cost would then be allocated and shared amongst the Debtors based on the services provided by Infinium which were directly related to (and provided benefit to) that particular debtor.

On or about August 23, 2024, 19 of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the other two Debtors filed later) and Infinium continued to provide the Infinium Services post-petition and was paid for those services through October 15, 2023. However, at the request of Shawn Zhou, Infinium continued to provide the essential Infinium Services through October 31, 2023, but was not paid for providing the Infinium Services rendered for the period consisting of October 16, 2023 through October 31, 2023.  As such, Infinium seeks an administrative claim in the amount of $72,500 for the Infinium Services provided during the last half of October 2023, which services directly benefited the Debtors.

Furthermore, at the request of Shawn Zhou Infinium professionals spent a significant amount of time totaling at least 250 hours between November 1, 2023 and November 3, 2023 assisting the Debtors in their efforts to transition from Infinium providing the Infinium Services to those services being provided and handled by NewGen (the "Transition Services"). As such, Infinium asserts an additional chapter 11 administrative claim in the amount of $34,500 for these Transition Services.

**ARGUMENT**

To assert a valid administrative claim, "[t]he claimant must show that the debt asserted to be an administrative expense (1) arose from a transaction with the debtor-in-possession as opposed to the preceding entity (or alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate." *In re DAK Industries, Inc.,* 66 F.3d 1091, 1094 (9th Cir. 1995) (quoting *In re White Motor Corp.,* 831 F.2d 106, 110 (6th Cir. 1987).

Here, Infinium indisputably provided value / consideration to the above-captioned Debtors by providing crucial back-office services for the last half of October 2023 as well as assisting with the transition of such back-office services to NewGen after Infinium stopped providing such services after October 31, 2023. These services and the value provided are specifically set forth in the Gibson Declaration. Moreover, these services directly and substantially benefited the Debtors' estates in the crucial months immediately following the chapter 11 filings. As such, the Infinium Administrative Claim should be allowed and paid.

**RESERVATION OF RIGHTS**

Infinium reserves all right to (i) amend, modify, supplement, or update this claim at any time or in any respect and (ii) file additional proofs of claim in respect to any other claim, liability, or indebtedness of the Debtors to Infinium. This administrative claim is submitted without prejudice to Infinium's rights in all respects and nothing contained herein shall be construed as limiting any of Infinium's rights, remedies, and interests. The filing of this administrative claim is not: (i) a waiver or release of Infinium's rights against any person, entity,

or property; (ii) an election of remedy; or (iii) a waiver of any past, present, or future defaults or

breaches.

RESPECTFULLY SUBMITTED,

DATED: OCTOBER 17, 2024                    **ECHO PARK LEGAL, APC**

                                          /s/ M. Douglas Flahaut.

                                          Counsel for Infinium Healthcare, Inc.

## **DECLARATION OF BRAD GIBSON**

I, Brad Gibson, declare as follows:

1.      I am over the age of 18 and am the principal of Infinium Healthcare, Inc.  I have personal knowledge of the facts set forth in this declaration and if called upon to testify to these facts, I could and would competently do so.  I make this declaration in support of the forgoing *Request for Allowance and Payment of Chapter 11 Administrative Claim*.

2.      I have worked in healthcare for over 40 years and have expertise in providing back-office and administrative services to long term care facilities.  A true and correct copy of my current CV is attached as **Exhibit 1** hereto.

3.      On or about April 19, 2023, Aaron Robin approached me and asked Infinium to provide certain back-office services to assist all the Debtors (capitalized terms not defined in this declaration are defined in the above *Request for Allowance and Payment of Chapter 11 Administrative Claim*) as well as for the non-debtor holding companies Windsor Norcal 13 Holdings, LLC and Oxford Holding Company, LLC.  I agreed Infinium would provide such services for a monthly fee of $145,000.  This agreement was documented by way of a written memorandum of understanding.  However, I have been unable to locate a copy of this document and believe it may have been lost in the data breach.

4.      Beginning on or about April 21, 2023, Infinium provided the following services (collectively the "Infinium Services") which services directly benefited the Debtors and their bankruptcy estates:

- Processing of Accounts Payable – invoice coding, data entry
- Performing weekly payment of invoices as selected by Shawn Zhou

- 5 -

- Completion of monthly financial statements, which included uploading documents (or manual entry of such data) reflecting the prior month's transactions from payroll, accounts receivable, online purchasing platform, and banking transactions

- Creating specific reports as requested by Aaron Robin to further financial reviews with NewGen and Debtors teams

- Performing financial reconciliations for all accounts including bank account review, bank statement review, etc…

- Preparing information necessary for completion of Medicare and Medicaid cost reports for all Debtor entities

- Performing additional financial analysis as requested

- Locating and providing archive information as requested by management – i.e. cost reports from prior years, tax returns, HRSA filings

5.    Infinium would typically submit its bill for the Infinium Services and be paid $72,500 twice monthly by the 10th and 25th of the month, respectively.  I understand that this cost was allocated proportionally amongst the Debtors relative to specific services provided for the benefit of such Debtor.

6.    On or about August 23, 2023, the 19 of the 21 Debtors filed voluntary chapter 11 petitions and the other two filed voluntary chapter 11 petitions thereafter.  Infinium continued to provide services as usual post-petition and was paid for the Infinium Services provided through October 15, 2023.

7.    However, Infinium was not paid for the Infinium Services provided between October 16, 2023 and October 31, 2023 as had been typical.  Nevertheless, at the request of Shawn Zhou, Infinium continued to provide the essential Infinium Services described above through October 31, 2023.  A true and correct copy of Invoice No. 1035 which covered the Infinium

Services provided from October 16, 2023 through October 31, 2023 which was submitted on

October 31, 2023 and remains unpaid is attached hereto as **Exhibit 2.** As such, Infinium

seeks an administrative claim in the amount of $72,500 for the Infinium Services provided

during the last half of October 2023, which services directly benefited the Debtors.

8.      On or about September 2023 I was informed that the Operating Debtors no longer

required Infinium to provide the Infinium Services after October 31, 2023, and Infinium

ceased to provide such services on October 31, 2023.  However, at the request of Shawn

Zhou, Infinium professionals spent a significant amount of time totaling at least 250 hours (a

blended rate of approximately $138 per hour) between November 1, 2023 and November 3,

2023 assisting the Debtors in their efforts to transition from Infinium providing the Infinium

Services to those services being provided and handled by NewGen (the "Transition Services")

and thereby ensuring a smooth transition.  These Transition Services included, among other

things, providing financial statements for the period ending September 30, 2023 along with all

account reconciliations. As such, Infinium asserts an additional chapter 11 administrative

claim in the amount of $34,500 for these Transition Services.

9.      Thus, as set forth above Infinium's total administrative claim is $107,000, consisting of

$72,500 for the Infinium Services provided during the second half of October 2023 and

$34,500 for the Transition Services.

10.     Attached hereto as **Exhibit 3** is true and correct copy of an email chain between myself

and chief financial officer Shawn Zhou evidencing the request that certain Transition Services

be provided after Infinium stopped providing the Infinium Services as well as the obligation

to pay for the Infinium Services through October 31, 2023.  Among other things, Shawn Zhou

stated in an email on November 1, 2023 that "[w]e will absolutely make the remaining

outstanding payment of $72,500 on 11/08 as per our contractual obligations."  However,

notwithstanding this email the last payment of $72,500 was never made and remains due and owing as of the filing of this declaration.

11.    I believe the services that Infinium provided the Debtors (including the Infinium Services for the last half of October 2023 and the Transition Services) directly and substantially benefited the above-captioned Debtors' estates in the crucial first months of these bankruptcy cases and therefore assert an administrative claim in the amount of $107,000 as set forth herein.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 17, 2024.

Brad Gibson

# EXHIBIT 1

# Curriculum Vitae
# Brad Gibson

**Work Experience:**

| | |
|---|---|
| 2023 – Current | **Infinium Healthcare, Inc.**<br>Principal / Owner |
| 2017- 2023 | **S&F Management Company, LLC / Windsor Healthcare**<br>Chief Financial Officer |
| 2009 – 2017 | **Rockport Administrative Services, LLC**<br>Chief Accounting Officer |
| 2007 – 2009 | **Skilled Healthcare, LLC (Successor to Fountain View, Inc.)**<br>Senior Vice President, Operations Finance |
| 2002 – 2007 | **Fountain View, Inc.**<br>Vice President, Operations Finance |
| 2001 – 2002 | **SunBridge Healthcare Corporation**<br>Division Finance Director |
| 1997 – 2001 | **SunBridge Healthcare Corporation**<br>Regional Accountant |
| 1996 – 1997 | **Unified Health Services, LLC (successor company to Redwood Care Centers, Inc. and Coastal Care Centers, Inc.)**<br>Controller |
| 1988 – 1996 | **Redwood Care Centers, Inc.**<br>Controller |
| 1986 – 1988 | **Coastal Care Centers, Inc.**<br>Assistant Controller |
| **Education** | Humboldt State University – Arcata, Ca.<br>College of Redwoods – Eureka, Ca. |
| **Memberships** | Eureka Rotary<br>Humboldt Timer Heritage Association<br>California Association of Health Facilities<br>Ingomar Club<br>Humboldt Bay & Eureka Model Railroad Club |

# EXHIBIT 2

# INVOICE

**Infinium Healthcare, Inc.**
4428 Cedar St
Eureka, CA 95503

bgibson@infiniumhc.com
+1 (323) 326-9426



**Bill to**

NewGen Administrative Services

9526 West Pico Blvd

Los Angeles, Ca 90035

**Invoice details**

Invoice no.: 1035

Terms: Due on receipt

Invoice date: 10/31/2023

Due date: 10/31/2023

| # | Date | Product or service | Description | Qty | Rate | Amount |
|---|------|-------------------|-------------|-----|------|--------|
| 1. | 10/31/2023 | **Services** | Professional Services - October 16 - 31 | 1 | $72,500.00 | $72,500.00 |
| 2. | | | NOTE: Final Payment Due Upon Receipt | | | $0.00 |

**Ways to pay**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|

**Total**     **$72,500.00**

**Overdue**     10/31/2023

Pay invoice

# EXHIBIT 3

| | |
|---|---|
| **From:** | Shawn Zhou |
| **To:** | Brad Gibson |
| **Subject:** | RE: remaining open items |
| **Date:** | Saturday, November 11, 2023 12:57:15 PM |

Hey Brad,

FYI, checked in w/ the team. Looks like we are still missing 5 facility's recon schedules. Assuming we'll have them by Monday am, I've asked the team to issue 50% of the remainder of the outstanding payment on Monday; then the rest of the remainder of the items are received.

Thanks,
Shawn Z.

**From:** Brad Gibson <bgibson@infiniumhc.com>
**Sent:** Friday, November 10, 2023 5:10 PM
**To:** Karen Levin <klevin@newgenhcg.com>
**Cc:** Shawn Zhou <szhou@newgenhcg.com>; Finance Director <finance@infiniumhc.com>
**Subject:** Re: remaining open items

It's the same issue. He wants it in excel so it can group.  That's a smart list function yiu can run

Sent from my iPhone

> On Nov 10, 2023, at 5:06 PM, Karen Levin <klevin@newgenhcg.com> wrote:
>
> Yes, that is for 8/31 not 9/30 thanks
>
> *Karen Levin*
> VP Finance-Controller
> **NewGen Administrative Services**
> Cell: 213-718-8148
> klevin@newgenhcg.com

**From:** Brad Gibson <bgibson@infiniumhc.com>
**Sent:** Friday, November 10, 2023 4:20 PM
**To:** Karen Levin <klevin@newgenhcg.com>
**Cc:** Shawn Zhou <szhou@newgenhcg.com>; Finance Director <finance@infiniumhc.com>
**Subject:** RE: remaining open items

See enclosed email from Tuesday in which you were copied– it specifically asks us to hold off running a/p aging reports.


Brad Gibson
Principal
Infinium Healthcare, Inc.
(323) 326-9426
bgibson@infiniumhc.com
www.infiniumhc.com


<image001.png>
HIPAA Compliance Notice: This email may contain health related information that is protected by federal and state laws and may be protected health information under HIPAA privacy law protections. Dissemination or disposal of protected health information may be done only in compliance with HIPAA and other applicable law.

**From:** Karen Levin <klevin@newgenhcg.com>
**Sent:** Friday, November 10, 2023 4:04 PM
**To:** Brad Gibson <bgibson@infiniumhc.com>
**Cc:** Shawn Zhou <szhou@newgenhcg.com>; Finance Director <finance@infiniumhc.com>
**Subject:** RE: remaining open items

I do not recall asking you not to run the AP aging.  What I recall was at the time, when I needed to get payments out, I said it could be the weekly file, but have since asked several times for the regular aging that ties to the GL.
Simon has also been asking Kelly for the Aug agings that tie to GL.
Looking forward to the remaining "recons' and the parked items support

thanks

*Karen Levin*
VP Finance-Controller
**NewGen Administrative Services**
Cell: 213-718-8148
klevin@newgenhcg.com

**From:** Brad Gibson <bgibson@infiniumhc.com>
**Sent:** Friday, November 10, 2023 3:46 PM
**To:** Karen Levin <klevin@newgenhcg.com>
**Cc:** Shawn Zhou <szhou@newgenhcg.com>; Finance Director <finance@infiniumhc.com>
**Subject:** RE: remaining open items

We have several items parked in a/r based on the lack of information we have received.  This has been discussed a number of times.  We will provide details necessary for you to reclass.

I have indicated a few times – COVID expenses are in department 6917 and are on the P&L easily identifiable in a separate department

There are no bad debt schedules.  On the response worksheet I was noted that the bad debt is a percentage of revenue.

We were specifically told, via email, not to run the a/p aging by your staff.

Kelly / any other feedback?

Brad Gibson
Principal
Infinium Healthcare, Inc.
(323) 326-9426
bgibson@infiniumhc.com
www.infiniumhc.com

<image001.png>
HIPAA Compliance Notice: This email may contain health related information that is protected by federal and state laws and may be protected health information under HIPAA privacy law protections. Dissemination or disposal of protected health information may be done only in compliance with HIPAA and other applicable law.

**From:** Karen Levin <klevin@newgenhcg.com>
**Sent:** Friday, November 10, 2023 2:56 PM
**To:** Brad Gibson <bgibson@infiniumhc.com>
**Cc:** Shawn Zhou <szhou@newgenhcg.com>
**Subject:** RE: remaining open items

Thank you for this update.
As of 3:00pm Friday 11/10/23 here is what we still require with most important being proper reconciliations of all facilities:

1. 4 facilities "recon" packages. Please note that in reviewing the packages, besides what has already been mentioned, we notice that you have parked a lot of items in other AR and other accrueds that is not supported. It is very difficult to sort through
2. 4 line items on your file say "new upload" what does this mean?
   1. All BS recons through September
   2. Cash recons
   3. Prepaid schedules and supports
   4. All support for accrued liabilities
3. Bad Debt schedules still not found
4. Sept 30th AP aging that ties to GL (not the weekly file I already have)
5. Where did you record Covid expenses, I have not found anything to support an answer.

thanks

*Karen Levin*
VP Finance-Controller
**NewGen Administrative Services**
Cell: 213-718-8148
klevin@newgenhcg.com

**From:** Brad Gibson <bgibson@infiniumhc.com>
**Sent:** Friday, November 10, 2023 9:22 AM
**To:** Karen Levin <klevin@newgenhcg.com>
**Cc:** Shawn Zhou <szhou@newgenhcg.com>
**Subject:** RE: remaining open items

Brad Gibson
Principal
Infinium Healthcare, Inc.
(323) 326-9426
bgibson@infiniumhc.com
www.infiniumhc.com

<image001.png>
HIPAA Compliance Notice: This email may contain health related information that is protected by federal and state laws and may be protected health information under HIPAA privacy law protections. Dissemination or disposal of protected health information may be done only in compliance with HIPAA and other applicable law.

**From:** Karen Levin <klevin@newgenhcg.com>
**Sent:** Wednesday, November 8, 2023 10:07 PM
**To:** Brad Gibson <bgibson@infiniumhc.com>
**Cc:** Shawn Zhou <szhou@newgenhcg.com>
**Subject:** RE: remaining open items

Brad, I took the questions you answered off the list I sent below, so it is shorter than yesterday's list.
1.What about the 11 recons, when will we receive them?
Here is what I see on shared drive from you – 10 facilities which are missing several recons and supporting items. You notated that we will not get any fixed asset support but did not respond on supports we need for other schedules,
<image002.png>
2. when will we get the AR recons and Sept AR reports
3.when will we get the bad debt schedules?
4 when will we get the list of checks which were cashed after BK?
5 when will we get the AP agings that tie to the GL as of 9/30/23? Again I only have a 9/30 recon which was the weekly file in Excel
6 when will we get the YTD payment information
You can respond to the rest on the Excel file, when will I get that back?
We met on Sept 8th to review the attached deliverables list and are still waiting for these items to be completed.

I asked you on several occasions to complete the attached document as well and it never came back with updates.
You mention you have no support for CPE but this is a very large balance, why was it not addressed previously? Why was there no follow through if information was not provided timely?
Thanks

No Sept AR reports view of sharepoint
<image003.png>
AP no evidence of 9/30 aging and the 8/31 section does not contain all AP agings
<image004.png>
<image005.png>

**Karen Levin**
VP Finance-Controller
NewGen Administrative Services
Cell: 213-718-8148
klevin@newgenhcg.com

**From:** Brad Gibson <bgibson@infiniumhc.com>
**Sent:** Wednesday, November 8, 2023 7:06 PM
**To:** Karen Levin <klevin@newgenhcg.com>
**Cc:** Shawn Zhou <szhou@newgenhcg.com>
**Subject:** Re: remaining open items

Many of these questions have been answered previously. We will compile and put on the grid one last time.

Sent from my iPhone

> On Nov 8, 2023, at 6:47 PM, Karen Levin <klevin@newgenhcg.com> wrote:
>
> Here is the file, I updated comments in column F, feel free to add more comments
> Most important items missing:
> 1. 11 facility reconciliation packages
> 2. All AR recons
> 3. All Bad debt schedules
> 4. List of checks that cleared after BK
> 5. We have the weekly Sept aging which is dated 10/31 which can be used as the sept AP aging but we need the official ones that tie to BS
> 6. YTD payment information we need this for 1099 and to ensure vendors and employees not already paid
> 7. Where did you record covid expenses
> 8. We also would like to make sure you include the BS recons of the HH and Hospice entities and two accounts in particular
> 9. Hospice
> 10. <image002.png>
> 11. Home Health
> 12. <image003.png>
>
> **Karen Levin**
> VP Finance-Controller
> NewGen Administrative Services
> Cell: 213-718-8148
> klevin@newgenhcg.com
>
> **From:** Brad Gibson <bgibson@infiniumhc.com>
> **Sent:** Wednesday, November 8, 2023 10:55 AM
> **To:** Karen Levin <klevin@newgenhcg.com>
> **Cc:** Shawn Zhou <szhou@newgenhcg.com>
> **Subject:** RE: remaining open items
>
> Many of these have been responded to before.  Please send me the grid so I can put the responses in.
>
> As an example, I have responded x 2 that the 571 will most likely not be provided.  It was on the G drive and may be lost.  You'll have to get the latest reports online and work from there.
>
> We're not providing every invoice for fixed assets.  We provided the fixed asset schedule.
>
> We previously indicated that the settlements schedule is on the G drive, and will need to be updated form the 04/01 restore.
>
> We previously responded on the due to CPE that we don't have backup for.  CPE did not provide the ending statements to balance to, and the payroll funding that Newgen did was not allocated by facility and provided to us.
>
> The uncleared a/p checks have been voided and added back to a/p – there is nothing to provide.
>
> The financial statements are very clear in where the stimulus funds are recorded and the expenses are separated on the financials.
>
> The list goes on – please send me the grid and I'll provide the Reponses.
>
>
> Brad Gibson
> Principal
> Infinium Healthcare, Inc.
> (323) 326-9426
> bgibson@infiniumhc.com
> www.infiniumhc.com
>
>
> <image001.png>

HIPAA Compliance Notice: This email may contain health related information that is protected by federal and state laws and may be protected health information under HIPAA privacy law protections. Dissemination or disposal of protected health information may be done only in compliance with HIPAA and other applicable law.

**From:** Karen Levin <klevin@newgenhcg.com>
**Sent:** Tuesday, November 7, 2023 10:08 PM
**To:** Brad Gibson <bgibson@infiniumhc.com>
**Cc:** Shawn Zhou <szhou@newgenhcg.com>
**Subject:** RE: remaining open items

As of 10pm 11/7/23 We are still missing the following, along with Sept balanced financials, and completeness of data in what has been provided:

1. All BS reconciliations ending Feb 2023 (requested in prior emails) for all BS account recs for all 21 entities
2. Missing 16 facility BS recons through September including supporting documents, if no support, clean up should occur before Sept closing
3. Listing of all outstanding checks - void the checks (Brad - after applying all payments)
4. List of checks that cleared that should not have
5. Reclass all outstanding checks as of Aug 23,23 back to liability as those checks cannot be cashed
6. All bad debt schedules
7. Should be in BS listed above Prepaid schedules and supports that tie to the reconciliations which include the amortization of the prepaids
8. Should be in BS listed above All AP aging summary and detail at Sept month end including recons
9. Many invoices were shared, please continue to pull any that can be found Copies of all open invoices/expense reports as of end of Sept close which match to the aging report, must tie out (historical is on Shared and lost)
10. Vendor W9 forms
11. Copies of last 571L reportings
12. Should be in BS listed above All support for all accrued liabilities including reconciliations
13. Where are you recording the COVID expenses for the Medicaid 10% and supply supporting documents
14. Where are you recording the Stimulus funds?
15. See BS questions separate file and below

**Related to the data that has been shared:**
1. AR reports is missing data for September
2. For the 5 facilities that were shared - Recons:
   1. No AR recon
   2. No interco
   3. Due to CPE has a schedule only, which are mainly unsettled PR Jes from March
   4. Many recs are just schedules only: Medicare, Medicaid Settlement, deposits, fixed assets (missing supports) and accrued other

Please advise,
**Karen Levin**
VP Finance-Controller
NewGen Administrative Services
Cell: 213-718-8148
klevin@newgenhcg.com

**From:** Shawn Zhou <szhou@newgenhcg.com>
**Sent:** Tuesday, November 7, 2023 3:52 PM
**To:** Karen Levin <klevin@newgenhcg.com>
**Subject:** FW: remaining open items

Thanks,
Shawn Z.

**From:** Shawn Zhou
**Sent:** Wednesday, November 1, 2023 10:00 AM
**To:** Bgibson@infiniumhc.com
**Subject:** RE: remaining open items

Hi Brad,

Per our conversation last night, assuming that the below listing of outstanding items are received by Friday of this week. We will absolutely make the remaining payment of $72,500 on 11/08 as per our contractual obligations.

Thanks,
Shawn Z.

**From:** Karen Levin <klevin@infiniumhc.com>
**Sent:** Tuesday, October 31, 2023 8:11 PM
**To:** Brad Gibson <bgibson@infiniumhc.com>
**Cc:** Shawn Zhou <szhou@newgenhcg.com>; Daniel Oh <doh@newgenhcg.com>; Simon Yu <syu@newgenhcg.com>; John Eric Orquiza <jorquiza@newgenhcg.com>; Thomas Perchikyan <tperchikyan@newgenhcg.com>
**Subject:** FW: remaining open items

Brad, as of this moment we are still missing the following:

**Deliverables from Infinium to NewGen**

All BS reconciliations ending Feb 2023 (requested in prior emails) for all BS account recs for all 21 entities
16 BS recons through September including supporting documents, if no support, clean up should occur before Sept closing
Listing of all outstanding checks - void the checks (Brad - after applying all payments)
List of checks that cleared that should not have
Reclass all outstanding checks as of Aug 23,23 back to liability as those checks cannot be cashed
All documentation on escheatment reporting or balances completed to date (on shared drive, getting some letters back that letters were sent to Jimmy and Holli)
All bad debt schedules
Should be in BS listed above Prepaid schedules and supports that tie to the reconciliations which include the amortization of the prepaids
Should be in BS listed above All AP aging summary and detail at Sept month end including recons
Many invoices were shared, please continue to pull any that can be found Copies of all open invoices/expense reports as of end of Sept close, must tie out (historical is on Shared and lost)
Vendor W9 forms

Complete listing of Fixed Assets (FA) as of Sept close (we have Hay Sac) including CIP
Complete listing of FA amortization as of Sept close including the tables used
Copies of last 571L reportings
Should be in BS listed above All support for all accrued liabilities including reconciliations
Where are you recording the COVID expenses for the Medicaid 10% and supply supporting documents
Where are you recording the Stimulus funds?
September QA Excel support of calculations
See BS questions separate file and below

*Karen Levin*
VP Finance-Controller
NewGen Administrative Services
Cell: 213-718-8148
klevin@newgenhcg.com

**From:** Karen Levin
**Sent:** Monday, October 30, 2023 10:53 AM
**To:** Brad Gibson <bgibson@infiniumhc.com>
**Cc:** Jimmy Ha <jha@newgenhcg.com>; Shawn Zhou <szhou@newgenhcg.com>; Thomas Perchikyan <tperchikyan@newgenhcg.com>; John Eric Orquiza
<jorquiza@newgenhcg.com>; Daniel Oh <doh@newgenhcg.com>
**Subject:** RE: remaining open items

Brad, any updates here?
We also would like to make sure you include the BS recons of the HH and Hospice entities and two accounts in particular
thanks
Hospice
<image002.png>
Home Health
<image003.png>
*thanks*

*Karen Levin*


VP Finance-Controller
NewGen Administrative Services
Cell: 213-718-8148
klevin@newgenhcg.com

**From:** Karen Levin
**Sent:** Friday, October 27, 2023 4:37 PM
**To:** Brad Gibson <bgibson@infiniumhc.com>
**Cc:** Jimmy Ha <jha@newgenhcg.com>; Shawn Zhou <szhou@newgenhcg.com>; Thomas Perchikyan <tperchikyan@newgenhcg.com>; John Eric Orquiza
<jorquiza@newgenhcg.com>; Daniel Oh <doh@newgenhcg.com>
**Subject:** remaining open items

Brad, we have reviewed the open deliverables list on the attached. "Windsor process flows"
Please send the items via email or SharePoint link over the next couple of days.
We also reviewed the BS as a group and there are several positions which need explaining and detailed supports.  We have asked for all BS recons but certainly need some
clarification on the items notated in the balance sheet.
thanks

*Karen Levin*
VP Finance-Controller
NewGen Administrative Services
Cell: 213-718-8148
klevin@newgenhcg.com

The information contained in this transmission may contain privileged and confidential information, including patient information protected by federal and state privacy laws. It
is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or
duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
The information contained in this transmission may contain privileged and confidential information, including patient information protected by federal and state privacy laws. It
is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or
duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
The information contained in this transmission may contain privileged and confidential information, including patient information protected by federal and state privacy laws. It is intended
only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this
communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
The information contained in this transmission may contain privileged and confidential information, including patient information protected by federal and state privacy laws. It is intended
only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this
communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
The information contained in this transmission may contain privileged and confidential information, including patient information protected by federal and state privacy laws. It is intended
only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this
communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
The information contained in this transmission may contain privileged and confidential information, including patient information protected by federal and state privacy laws. It is intended
only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this
communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
The information contained in this transmission may contain privileged and confidential information, including patient information protected by federal and state privacy laws. It is intended
only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication
is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Echo Park Legal, APC, 2210 W Sunset Blvd. #301, Los Angeles, CA 90026.**

A true and correct copy of the foregoing document entitled (*specify*): _____
_*Infinium Healthcare, Inc.'s Request for Allowance and Payment of Administrative Claim*_____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 17, 2024 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Katalina Baumann**    Katalina.Baumann@troutman.com,
  evelyn.duarte@troutman.com,LitigationDocketRequests@troutman.com,elizabeth.streible@troutman.com,Hilary.
  Barton@Troutman.com,OCCcourtnotices@troutman.com,Susan.Henry@Troutman.com
- **Christopher Dale Beatty**    chris.beatty@katten.com, marsha.davis@katten.com,courtalertlax@katten.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**    rb@lnbyg.com
- **Katherine Bunker**    kate.bunker@usdoj.gov
- **Joseph E Caceres**    jec@locs.com, generalbox@locs.com
- **Robert Carrasco**    rmc@lnbyg.com, rmc@lnbyg.com
- **Louis J. Cisz**    lcisz@nixonpeabody.com, jzic@nixonpeabody.com
- **Andrew Michael Cummings**    andrew.cummings@hklaw.com,
  philip.dobbs@hklaw.com;hapi@hklaw.com;reena.kaur@hklaw.com
- **Eryk R Escobar**    eryk.r.escobar@usdoj.gov
- **M Douglas Flahaut**    df@echoparklegal.com
- **Eric J Fromme**    eric.fromme@afslaw.com, yvonne.li@afslaw.com;kevin.chen@afslaw.com
- **Jeffrey Garfinkle**    jgarfinkle@buchalter.com, docket@buchalter.com;lverstegen@buchalter.com
- **Robert P Goe**    kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Vanessa M Haberbush**    vhaberbush@lbinsolvency.com,
  dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,haberbush.assistant
  @gmail.com,jborin@lbinsolvency.com,lbogard@lbinsolvency.com
- **Mark S Horoupian**    mark.horoupian@gmlaw.com,
  mhoroupian@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com;karen.files@gmlaw.com
- **Brandon J. Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Eric P Israel**    eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Robbin L. Itkin**    ritkin@sklarkirsh.com, mduran@sklarkirsh.com;KFRAZIER@SKLARKIRSH.COM
- **Lior Katz**    lior@katzlaw.com
- **Christian T Kim**    ckim@dumas-law.com, ckim@ecf.inforuptcy.com
- **Monica Y Kim**    myk@lnbyg.com, myk@ecf.inforuptcy.com
- **Daniel Klein**    dklein@newgenhcg.com
- **Stephen H Marcus**    shill@gblaw.net
- **Robert S Marticello**    rmarticello@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **Kevin J McEleney**    kmceleney@uks.com, kgauthier@uks.com
- **Thomas Glenn Crooks Mclaughlin**    tgm@lrplaw.net, patricia@lrplaw.net
- **David M Medby**    dmedby@lawgarcia.com, jmobley@lawgarcia.com
- **Nicholas Miller**    nick.miller@hklaw.com, annmarie.jezisek@hklaw.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- **Roksana D. Moradi-Brovia**    Roksana@rhmfirm.com,
  matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com;nina@rhmfirm.com
- **Jeff David Neiderman**    jneiderman@jayrothmanlaw.com
- **Juliet Y. Oh**    jyo@lnbyg.com, jyo@lnbyb.com
- **Aron M Oliner**    roliner@duanemorris.com
- **Shai S Oved**    ssoesq@aol.com, Ovedlaw@hotmail.com
- **Steven C Peck**    stevenpeck@thepecklawgroup.com
- **Robert J Pfister**    rpfister@pslawllp.com
- **Julie H Rome-Banks**    julie@bindermalter.com
- **Mary H Rose**    mrose@buchalter.com, marias@buchalter.com;docket@buchalter.com
- **Terrel Ross**    tross@trcmllc.com
- **Joseph A Sakay**    jsakay@buchalter.com, kcb@hcmp.com;kim.mckenzie@hcmp.com
- **Gregory M Salvato**    gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Lovee D Sarenas**    lovee.sarenas@dinsmore.com, wendy.yones@dinsmore.com
- **Paul Anthony Saso**    psaso@pslawllp.com
- **Daren M Schlecter**    daren@schlecterlaw.com, assistant@schlecterlaw.com
- **Lindsey L Smith**    lls@lnbyg.com, lls@ecf.inforuptcy.com
- **Derrick Talerico**    dtalerico@wztslaw.com, maraki@wztslaw.com;sfritz@wztslaw.com,admin@wztslaw.com
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Kenneth K Wang**    Kenneth.Wang@doj.ca.gov, Anthony.Conklin@doj.ca.gov
- **Beth Ann R. Young**    bry@lnbyg.com, bry@lnbyb.com
- **Joshua del Castillo**    jdelcastillo@allenmatkins.com, mdiaz@allenmatkins.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**

On (date) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/17/2024 | | /s/ M. Douglas Flahaut |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

**EXHIBIT B**



Sent via email

April 19, 2023

Shawn Zhou
Chief Financial Officer
NewGen Healthcare
9526 West Pico Blvd
Los Angeles, Ca. 90035

Dear Shawn:

As a follow up to our meeting yesterday, enclosed please find a summary of items to be covered under the contract between Infinium Healthcare, Inc. and NewGen Healthcare:

**Accounts Payable Processing**
- o  Processing of all invoices
- o  Weekly Check Writes with approval
- o  Year End 1099's

**Accounting and Administrative Services**
- o  Monthly Financials (P&L, Balance Sheet, Cash Flow, etc.)
- o  Monthly Financial Analysis with narrative
- o  Year-end through Trial Balance for Taxes / Cost Reports
- o  Operational Reporting
  - ▪  Labor Trends, Ancillary Reporting, etc.
- o  Other routine responsibilities associated with accounting:
  - ▪  Provider Relief Filing
  - ▪  Sales / Use Tax Filing
  - ▪  Monthly / Quarterly lender / landlord compliance
  - ▪  Maintain Escheatment (unclaimed property) List
  - ▪  Personal property taxes (571-L) filings
  - ▪  Insurance Renewals/proof of coverage for lawsuits
  - ▪  Employee Retention Credits (ERC)
  - ▪  Workers Retention Payments
  - ▪  CDPH license renewals (i.e. resolving issues regarding current and prior ownership structure prior to Newgen)
  - ▪  QA Fee calculation, withholds, tracking of installment payments, etc.
  - ▪  HCAi Reporting
  - ▪  Gathering historical data as requested by NewGen.

**Excluded Items**

Cost Report Preparation / filing by a Third Party

Income Tax Preparation / filing by a Third Party

IT Hosting / Network Services associated with the Hosting of Microsoft Dynamics

Microsoft or other Licensing Fees related to Microsoft Dynamics or any "add-ins" (Concur, Blackline, etc.)

**Other items to be addressed in the contract**

- o This contract covers 19 Facilities, Home Health, Hospice, and associated holding companies.
- o Initial Term of 6 months, Commencing April 20, 2023
- o CSO Portion of Contract Effective April 1, 2023
- o Auto renew in 60 day increments, Mutual 30 day prior notice not to renew (5 Days for Non Payment)
- o Mutual Non-Solicitation, Non-Compete, Non Disclosure, and Business Associate Agreements
- o 8 day payment terms, billed semi-monthly.  1-15 due by 23rd, 16-end of month due by 8th of following month

**Pricing**

Flat fee of One Hundred Forty Five Thousand Dollars per month ($145,000.00)

If you have any questions, I would welcome the opportunity to discuss them with you.

Sincerely

*Brad Gibson*

Brad Gibson
Infinium Healthcare, Inc.

Acceptance

_____  Shawn Thou        04/19/23

Signature, Name, Date

**EXHIBIT C**

| | |
|---|---|
| **From:** | Karen Levin <klevin@newgenhcg.com> |
| **Sent:** | Tuesday, November 7, 2023 9:20 AM |
| **To:** | Brad Gibson |
| **Cc:** | Shawn Zhou; Jimmy Ha; Daniel Oh; Simon Yu; John Eric Orquiza; Steven Luu; Finance Director |
| **Subject:** | RE: outstanding files |

HI, still waiting to hear a confirmation that you are pencils down on journal entries.
We see 5 facilities monthly packages for Sept (recons?)
There are still several other items missing as well
thanks


*Karen Levin*

VP Finance-Controller

**NewGen Administrative Services**

Cell: 213-718-8148

klevin@newgenhcg.com


---

**From:** Brad Gibson <bgibson@infiniumhc.com>
**Sent:** Monday, November 6, 2023 5:35 PM
**To:** Karen Levin <klevin@newgenhcg.com>
**Cc:** Shawn Zhou <szhou@newgenhcg.com>; Jimmy Ha <jha@newgenhcg.com>; Daniel Oh <doh@newgenhcg.com>;
Simon Yu <syu@newgenhcg.com>; John Eric Orquiza <jorquiza@newgenhcg.com>; Steven Luu
<SLuu@newgenhcg.com>; Finance Director <finance@infiniumhc.com>
**Subject:** RE: outstanding files

Still uploading Karen – been working on it all day




Brad Gibson
Principal
Infinium Healthcare, Inc.
(323) 326-9426
bgibson@infiniumhc.com
www.infiniumhc.com



HIPAA Compliance Notice: This email may contain health related information that is protected by federal and state laws and may be protected health information under HIPAA privacy law protections. Dissemination or disposal of protected health information may be done only in compliance with HIPAA and other applicable law.

---

**From:** Karen Levin <klevin@newgenhcg.com>
**Sent:** Monday, November 6, 2023 5:18 PM
**To:** Brad Gibson <bgibson@infiniumhc.com>
**Cc:** Shawn Zhou <szhou@newgenhcg.com>; Jimmy Ha <jha@newgenhcg.com>; Daniel Oh <doh@newgenhcg.com>; Simon Yu <syu@newgenhcg.com>; John Eric Orquiza <jorquiza@newgenhcg.com>; Steven Luu <SLuu@newgenhcg.com>; Finance Director <finance@infiniumhc.com>
**Subject:** RE: outstanding files

HI Brad, as of now, we are missing all recons and various other requests, when will we see these?  Are you pencils down on JE?



*Karen Levin*

VP Finance-Controller

**NewGen Administrative Services**

Cell: 213-718-8148

klevin@newgenhcg.com

---

**From:** Brad Gibson <bgibson@infiniumhc.com>
**Sent:** Monday, November 6, 2023 2:15 PM

**To:** Karen Levin <klevin@newgenhcg.com>
**Cc:** Shawn Zhou <szhou@newgenhcg.com>; Jimmy Ha <jha@newgenhcg.com>; Daniel Oh <doh@newgenhcg.com>;
Simon Yu <syu@newgenhcg.com>; John Eric Orquiza <jorquiza@newgenhcg.com>; Steven Luu
<SLuu@newgenhcg.com>; Finance Director <finance@infiniumhc.com>
**Subject:** Re: outstanding files

Yes it's uploading

Sent from my iPhone


On Nov 6, 2023, at 2:06 PM, Karen Levin <klevin@newgenhcg.com> wrote:


Brad, are you still sending more, we do not see any reconciliations or financials, AR AP agings for
example
thanks


*Karen Levin*

VP Finance-Controller

**NewGen Administrative Services**

Cell: 213-718-8148

klevin@newgenhcg.com


---

**From:** Brad Gibson <bgibson@infiniumhc.com>
**Sent:** Monday, November 6, 2023 10:37 AM
**To:** Karen Levin <klevin@newgenhcg.com>
**Cc:** Shawn Zhou <szhou@newgenhcg.com>; Jimmy Ha <jha@newgenhcg.com>; Daniel Oh
<doh@newgenhcg.com>; Simon Yu <syu@newgenhcg.com>; John Eric Orquiza
<jorquiza@newgenhcg.com>; Steven Luu <SLuu@newgenhcg.com>; Finance Director
<finance@infiniumhc.com>
**Subject:** RE: outstanding files

Folders are being uploaded – the link is


<image001.png>
 _NewGen Off-Boarding




Brad Gibson
Principal

Infinium Healthcare, Inc.
(323) 326-9426
bgibson@infiniumhc.com
www.infiniumhc.com


<image002.png>


HIPAA Compliance Notice: This email may contain health related information that is protected by federal and state laws and may be protected health information under HIPAA privacy law protections. Dissemination or disposal of protected health information may be done only in compliance with HIPAA and other applicable law.

---

**From:** Brad Gibson
**Sent:** Monday, November 6, 2023 9:13 AM
**To:** 'Karen Levin' <klevin@newgenhcg.com>
**Cc:** Shawn Zhou <szhou@newgenhcg.com>; Jimmy Ha <jha@newgenhcg.com>; Daniel Oh <doh@newgenhcg.com>; Simon Yu <syu@newgenhcg.com>; John Eric Orquiza <jorquiza@newgenhcg.com>; Steven Luu <SLuu@newgenhcg.com>
**Subject:** RE: outstanding files

Moving the items to an off-boarding folder for you to begin downloads




Brad Gibson
Principal
Infinium Healthcare, Inc.
(323) 326-9426
bgibson@infiniumhc.com
www.infiniumhc.com


<image002.png>


HIPAA Compliance Notice: This email may contain health related information that is protected by federal and state laws and may be protected health information under HIPAA privacy law protections. Dissemination or disposal of protected health information may be done only in compliance with HIPAA and other applicable law.

---

**From:** Karen Levin <klevin@newgenhcg.com>
**Sent:** Monday, November 6, 2023 9:08 AM
**To:** Brad Gibson <bgibson@infiniumhc.com>
**Cc:** Shawn Zhou <szhou@newgenhcg.com>; Jimmy Ha <jha@newgenhcg.com>; Daniel Oh <doh@newgenhcg.com>; Simon Yu <syu@newgenhcg.com>; John Eric Orquiza <jorquiza@newgenhcg.com>; Steven Luu <SLuu@newgenhcg.com>
**Subject:** RE: outstandign files

HI, are the financials and all requested documentation now available to be sent to us?
thanks


*Karen Levin*

VP Finance-Controller

**NewGen Administrative Services**

Cell: 213-718-8148

klevin@newgenhcg.com

---

**From:** Brad Gibson <bgibson@infiniumhc.com>
**Sent:** Saturday, November 4, 2023 2:02 PM
**To:** Karen Levin <klevin@newgenhcg.com>
**Cc:** Shawn Zhou <szhou@newgenhcg.com>; Jimmy Ha <jha@newgenhcg.com>; Daniel Oh <doh@newgenhcg.com>; Simon Yu <syu@newgenhcg.com>; John Eric Orquiza <jorquiza@newgenhcg.com>
**Subject:** Re: outstandign files

We made the changes you requested on Thursday evening and items are being adjusted.

Sent from my iPhone


> On Nov 4, 2023, at 1:55 PM, Karen Levin <klevin@newgenhcg.com> wrote:
>
>
> Hi Brad, I did not see any messages about Sept being completed or where all the deliverables are saved.
> Can you please give an update?
> thanks
>
>
> *Karen Levin*
>
> VP Finance-Controller
>
> **NewGen Administrative Services**
>
> Cell: 213-718-8148
>
> klevin@newgenhcg.com
>
>
> The information contained in this transmission may contain privileged and confidential information, including patient information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or

5

duplication of this communication is strictly prohibited. If you are not the intended
recipient, please contact the sender by reply email and destroy all copies of the original
message.

The information contained in this transmission may contain privileged and confidential information,
including patient information protected by federal and state privacy laws. It is intended only for the use
of the person(s) named above. If you are not the intended recipient, you are hereby notified that any
review, dissemination, distribution, or duplication of this communication is strictly prohibited. If you are
not the intended recipient, please contact the sender by reply email and destroy all copies of the
original message.

The information contained in this transmission may contain privileged and confidential information,
including patient information protected by federal and state privacy laws. It is intended only for the use
of the person(s) named above. If you are not the intended recipient, you are hereby notified that any
review, dissemination, distribution, or duplication of this communication is strictly prohibited. If you are
not the intended recipient, please contact the sender by reply email and destroy all copies of the
original message.

The information contained in this transmission may contain privileged and confidential information, including patient
information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If
you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of
this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email
and destroy all copies of the original message.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing documents: **Reorganized Debtors' Notice Of Motion And Motion For An Order Disallowing Infinium Healthcare, Inc.'s Request For Allowance And Payment Of Chapter 11 Administrative Claim; Declaration In Support** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 18, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Katalina Baumann    Katalina.Baumann@troutman.com, evelyn.duarte@troutman.com,LitigationDocketRequests@troutman.com,elizabeth.streible@troutman.com,Hilary.Barton@Troutman.com,OCCcourtnotices@troutman.com,Susan.Henry@Troutman.com
- Christopher Dale Beatty    chris.beatty@katten.com, marsha.davis@katten.com,courtalertlax@katten.com
- Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Ron Bender    rb@lnbyg.com
- Katherine Bunker    kate.bunker@usdoj.gov
- Joseph E Caceres    jec@locs.com, generalbox@locs.com
- Robert Carrasco    rmc@lnbyg.com, rmc@lnbyg.com
- Louis J. Cisz    lcisz@nixonpeabody.com, jzic@nixonpeabody.com
- Andrew Michael Cummings    andrew.cummings@hklaw.com, philip.dobbs@hklaw.com;hapi@hklaw.com;reena.kaur@hklaw.com
- Eryk R Escobar    eryk.r.escobar@usdoj.gov
- M Douglas Flahaut    df@echoparklegal.com
- Eric J Fromme    eric.fromme@afslaw.com, yvonne.li@afslaw.com;kevin.chen@afslaw.com
- Jeffrey Garfinkle    jgarfinkle@buchalter.com, docket@buchalter.com;lverstegen@buchalter.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- Vanessa M Haberbush    vhaberbush@lbinsolvency.com, dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,haberbush.assistant@gmail.com,jborin@lbinsolvency.com,lbogard@lbinsolvency.com
- Mark S Horoupian    mark.horoupian@gmlaw.com, mhoroupian@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com;karen.files@gmlaw.com
- Brandon J. Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- Eric P Israel    eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- Robbin L. Itkin    ritkin@sklarkirsh.com, mduran@sklarkirsh.com;KFRAZIER@SKLARKIRSH.COM
- Lior Katz    lior@katzlaw.com
- Christian T Kim    ckim@dumas-law.com, ckim@ecf.inforuptcy.com
- Monica Y Kim    myk@lnbyg.com, myk@ecf.inforuptcy.com
- Daniel Klein    dklein@newgenhcg.com
- Stephen H Marcus    shill@gblaw.net
- Robert S Marticello    rmarticello@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- Kevin J McEleney    kmceleney@uks.com, kgauthier@uks.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- Thomas Glenn Crooks Mclaughlin    tgm@lrplaw.net, patricia@lrplaw.net
- David M Medby    dmedby@lawgarcia.com, jmobley@lawgarcia.com
- Nicholas Miller    nick.miller@hklaw.com, annmarie.jezisek@hklaw.com
- Roksana D. Moradi-Brovia    Roksana@rhmfirm.com, matt@rhmfirm.com;sloan@rhmfirm.com;nina@rhmfirm.com;david@rhmfirm.com;priscilla@rhmfirm.com;gabriela@rhmfirm.com;rosario@rhmfirm.com;rebeca@rhmfirm.com;LA@rhmfirm.com
- Jeff David Neiderman    jneiderman@jayrothmanlaw.com
- Juliet Y. Oh    jyo@lnbyg.com, jyo@lnbyb.com
- Aron M Oliner    roliner@duanemorris.com
- Shai S Oved    ssoesq@aol.com, Ovedlaw@hotmail.com
- Steven C Peck    stevenpeck@thepecklawgroup.com
- Robert J Pfister    rpfister@pslawllp.com
- Julie H Rome-Banks    julie@bindermalter.com
- Mary H Rose    mrose@buchalter.com, marias@buchalter.com;docket@buchalter.com
- Terrel Ross    tross@trcmllc.com
- Joseph A Sakay    jsakay@buchalter.com, kcb@hcmp.com;kim.mckenzie@hcmp.com
- Gregory M Salvato    gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- Lovee D Sarenas    lovee.sarenas@dinsmore.com, wendy.yones@dinsmore.com
- Paul Anthony Saso    psaso@pslawllp.com
- Daren M Schlecter    daren@schlecterlaw.com, assistant@schlecterlaw.com
- Lindsey L Smith    lls@lnbyg.com, lls@ecf.inforuptcy.com
- Richard P Steelman    rps@lnbyg.com
- Derrick Talerico    dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Kenneth K Wang    Kenneth.Wang@doj.ca.gov, Anthony.Conklin@doj.ca.gov
- Beth Ann R. Young    bry@lnbyg.com, bry@lnbyb.com
- Joshua del Castillo    jdelcastillo@allenmatkins.com, mdiaz@allenmatkins.com

**2. SERVED BY UNITED STATES MAIL**: On **November 18, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Victoria S. Kaufman
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

☐ *Additional service per Proof of Service to be filed by Stretto*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 18, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 18, 2024 | Rebecka Merritt | /s/ Rebecka Merritt |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                     **F 9013-3.1.PROOF.SERVICE**